IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41334

JOSEPH LUTHER JACOBS,          )      2014 Unpublished Opinion No. 709
                                    )
     Petitioner-Appellant,       )      Filed: September 2, 2014
                                      )
v.                             )      Stephen W. Kenyon, Clerk
                                    )
STATE OF IDAHO,             )      THIS IS AN UNPUBLISHED
                                    )      OPINION AND SHALL NOT
     Respondent.            )      BE CITED AS AUTHORITY
_____)

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County.  Hon. John K. Butler, District Judge.

Judgment partially dismissing petition for post-conviction relied, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.
_____

GUTIERREZ, Chief Judge

     Joseph Luther Jacobs appeals from the district court's judgment granting the State's motion for summary dismissal of his petition for post-conviction relief.  Specifically, he contends he presented new evidence showing that trial counsel rendered ineffective assistance at sentencing by failing to request additional assessment of his mental health and that the information before the court at sentencing was incomplete and/or inaccurate.  For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

     In June 2011, Jacobs robbed a bank.  He pled guilty to robbery and a judgment of conviction was entered.  At counsel's request, the court ordered that a presentence mental health assessment be conducted pursuant to Idaho Code § 19-2524.  Conducted in September 2011, the

1

assessment (2011 assessment) concluded that Jacobs did not have any diagnosable mental illness. The trial court imposed a unified sentence of fifteen years, with five years determinate.

Jacobs filed an Idaho Criminal Rule 35 motion for reduction of sentencing, questioning the validity of the conclusions in the 2011 assessment and requesting that the court reconsider the sentence and order a new mental health assessment. The trial court denied the motion and Jacobs did not appeal.

On October 11, 2012, Jacobs filed a petition for post-conviction relief and a motion for appointment of counsel, the latter of which was granted. Appointed counsel was allowed to file an amended petition which presented two claims, only one of which is at issue on appeal.[1] That claim alleged that Jacobs' trial counsel provided ineffective assistance by failing to: (1) make contact with Jacobs' mother in regard to Jacobs' mental health history; (2) object to the 2011 assessment prior to sentencing or in support of his Rule 35 motion; and (3) advise Jacobs he could request an additional mental health assessment prior to sentencing or in support of his Rule 35 motion. In support of this claim, Jacobs attached several mental health assessments conducted by the Idaho Department of Correction in November and December of 2012 and January 2013 (IDOC assessments). He contended below, and now on appeal, that the IDOC assessments presented new evidence of his mental state at the time of sentencing and prove counsel was ineffective for failing to challenge the 2011 assessment.

On February 12, 2013, the district court issued a notice of intent to dismiss noting, among other things, the 2011 assessment included essentially the same information as the IDOC assessments in regard to Jacobs' mental health at the time of his crime, and the court had considered this information in fashioning a sentence. Jacobs filed a reply, continuing to assert that counsel was ineffective for failing to challenge the 2011 assessment and also raising, for apparently the first time in any detail, the assertion that the IDOC assessments constituted newly discovered evidence requiring the vacation of his sentence "in the interest of justice" as provided for by I.C. § 19-4901(a)(4). The district court rejected these arguments and issued an order partially dismissing Jacobs' amended petition for post-conviction relief and dismissing Jacobs'

---

[1]     As to the other issue, the parties stipulated that Jacobs' counsel rendered ineffective assistance of counsel by failing to file a timely appeal and failing to advise Jacobs of his right to file an appeal within the time limit. This claim is not at issue in this appeal.

mental health assessment claim with prejudice. The district court subsequently entered a judgment in this regard. Jacobs now appeals.

## II.

## ANALYSIS

Jacobs contends the district court erred by granting the State's motion for summary dismissal as to his claims that the IDOC assessments constituted new evidence requiring vacation of his sentence. He also contends that his trial counsel was ineffective for failing to challenge the 2011 assessment and obtain additional information regarding his mental health. The parties dispute the degree to which the new evidence claim was presented as distinct to the ineffective assistance of counsel claim, but we need not resolve the issue because Jacobs' claims fail in both respects.

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of

facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004);

4

*Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that but for his attorney's deficient performance, the outcome of the proceeding would have been different. *Baldwin v. State*, 145 Idaho 148, 154, 177 P.3d 362, 368 (2008). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Idaho Code § 19-4901(a)(4) provides for post-conviction relief where the applicant demonstrates that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice. An applicant must present evidence of facts that existed at the time of sentencing that would have been relevant to the sentencing process and that indicate the information available to the parties or the trial court

at the time of sentencing was false, incomplete, or otherwise materially misleading. *Knutsen*, 144 Idaho at 440, 163 P.3d at 229; *Bure v. State*, 126 Idaho 253, 254-55, 880 P.2d 1241, 1242-43 (Ct. App. 1994).

In its notice of intent to dismiss Jacobs' petition, the district court described the findings in the 2011 assessment which the court had considered at the time of sentencing:

> The evaluation lasted approximately 3.5 hours. According to the evaluator, the petitioner: "reports no current or past psychiatric" [sic]; the petitioner stated "he began to struggle with low mood in February, 2011 after breaking up with a girlfriend, being unable to find a job, and struggling with homelessness. During this time period he identified he was sad, hopeless, and felt out of control"; the petitioner was "screened for and denies any other symptoms of any other psychiatric disorders, anxiety disorders, mood disorders, or psychotic disorders, or a personality disorder." He also denied any "family history of mental health issues." The [2011 assessment] did indicate that the petitioner's mood during the time period referred to in February 2011, ". . . could have met a DSM-IV criteria for adjustment Disorder with Depressed Mood. However, at the time of the assessment Mr. Jacobs did not endorse these symptoms and stated 'I know that life can be better.'" . . . Overall the [2011 assessment] concluded that the petitioner did not at the time of the assessment have any Axis I diagnosis meaning that he was not suffering from any mental illness at the time of the assessment.

The court then described the relevant contents of the IDOC assessments, noting that the November 2012 assessment indicated Jacobs had no need for follow-up mental health care. The January 2013 assessment stated that Jacobs presented with "stable mental health" and presented with "[n]o evidence or signs of mental illness," while also noting "his thoughts and speech indicate a lot of psychosocial stressors as it pertains to his sentencing and crime." The assessment then included the following statement:

> [Jacobs] is less likely to reach out to others as evidence[d] by past psycho-social [history] for professional advice or help. Some of this may relate to culture. He struggles with interpersonal skills but appears to have good self-management [and] high level of intellect. . . . Inmate is capable of making informed/educated decisions. *This said, it is possible that [Inmate's] judgment could have been impacted [and] compromised in a homeless [and] unsteady environment.*

(emphasis added).

The latter sentence, Jacobs argued below and now on appeal, raised for the first time the "possibility that Mr. Jacobs' judgment was impacted and compromised by his psychosocial stressors" which is a mitigating factor and relevant to the sentencing process. The district court rejected Jacobs' contention that this statement was new evidence indicating the mental health

6

information available to the court at the time of sentencing was incomplete or showed that counsel rendered deficient performance by failing to further explore the issue, and that Jacobs was prejudiced as a result. Rather, the district court noted, it had essentially the same information before it on post-conviction that it had at sentencing and during the Rule 35 proceedings:

> The [2011 assessment] that the court relied upon at sentencing, acknowledged and the court at sentencing commented on the "psychosocial stressors" that the petitioner may have been experiencing at the time of the crime, i.e., homelessness, lack of money, and inability to maintain employment. The court acknowledged that the petitioner may have been depressed as a result of these psychosocial stressors at the time of the crime but at the same time the court explained that such factors do not justify or excuse the conduct of the defendant. In commenting on rehabilitation th[e] court stated that this is not a significant consideration because the petitioner did not have any dependence on drugs or alcohol and "this crime was not committed because of any mental illness, diagnosable, that is." The court acknowledged that it is likely he was depressed over the lack of money and a job, but the court also indicated that situation was the result of the petitioner's own actions and not the result of any mental illness.

In its order dismissing Jacobs' claim, the district court reiterated its finding that the IDOC assessments are "substantially similar in their assessment of the petitioner as was the mental health assessment conducted . . . for sentencing" and that the court was "well aware of" the stressors present in Jacobs' life at the time of his crime and "commented on them at the time of sentencing." Therefore, the district court concluded, even assuming counsel's assistance was deficient, Jacobs did not show prejudice. Specifically, he did not show a genuine issue of material fact existed as to whether there was a reasonable probability that the sentence or the outcome of the Rule 35 proceedings would have been different. On this same basis, the court also concluded there was no issue of material fact as to whether the court had "false, incomplete or otherwise materially misleading information" at sentencing.

We agree with the district court's well-reasoned decision that the IDOC assessments did not present any evidence that was not, in essential part, already before the court at sentencing. The 2011 assessment specifically mentioned the stressors in Jacobs' life around the time he committed the crime, including breaking up with his girlfriend and being unemployed and homeless. The assessment also identified Jacobs' feelings of sadness, hopelessness, and being out of control. In addition, the assessment noted the possibility that Jacobs may have met the criteria for mental illness at the time. This does not differ, in any consequential manner, from the

7

2013 IDOC assessment (conducted over two years after the incident in question) which stated that it was *possible* these same factors *could* have affected Jacobs' judgment. The gist of both assessments is that the circumstances in Jacobs' life may have affected his mental state at the time of his crime, but that he did not have any diagnosable mental illness. That the assessments did not utilize the exact same terminology is not dispositive. The transcript of the sentencing hearing, as well as the court's decision denying Jacobs' Rule 35 motion, indicate the court clearly and repeatedly took Jacobs' mental health into account in sentencing and during Rule 35 proceedings. Accordingly, Jacobs has not shown that the district court erred in determining there was no genuine issue of material fact as to whether Jacobs was prejudiced by his counsel's alleged deficient performance. In addition, as it is based on the same premise that the 2013 IDOC assessment was new evidence, the district court did not err in determining there was no issue of material fact as to whether the mental health information before the court at sentencing was incomplete and inaccurate. Accordingly, the district court's judgment partially dismissing Jacobs' amended petition for post-conviction relief is affirmed.

Judge LANSING and Judge GRATTON **CONCUR.**