880 P.2d 1241

**Frederick G. BURE, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20616.

Court of Appeals of Idaho.

Sept. 9, 1994.

Orndorff, Peterson, Hawley, Wight & Gilman, Thomas D. Widman (argued), Boise, for appellant.

Hon. Larry EchoHawk, Atty. Gen.; Myrna A.I. Stahman, Deputy Atty. Gen. (argued), Boise, for respondent.

LANSING, Judge.

We are asked to determine whether I.C. § 19–4901(a)(4) authorizes a court to grant

post-conviction relief vacating a lawful sentence upon a showing that, in the sixteen months of incarceration following sentencing, there has been a marked improvement in the offender's mental health as compared to his mental condition described in a psychological report relied upon by the court at sentencing. We hold that, where it is not shown that the presentence psychological report was based on erroneous information or otherwise deficient when prepared, post-conviction relief is not authorized.

Frederick Bure pleaded guilty and was convicted in 1991 for aggravated assault, I.C. § 18–905, and aggravated battery, I.C. § 18–907. The charges arose from a shooting incident at his accountant's office. Bure, apparently frustrated with his accountant's management of his business affairs, had entered her offices and asked to see her. Upon being told that she was not available, Bure left, but he returned a short time later carrying a handgun with which he threatened employees and shot the accountant's office equipment.

Prior to sentencing, Bure was given a psychological evaluation that the district court relied upon in arriving at a sentence of not less than seven years' nor more than twenty years' imprisonment.

Sixteen months after sentencing, Bure was again evaluated by the same psychologist. In his report on the second evaluation, the psychologist noted significant improvement in Bure's mental health and emotional stability. Bure then filed an application for post-conviction relief pursuant to I.C. § 19–4901(a)(4). His application requested that the court vacate his sentence and resentence him in light of this new psychological evaluation. After giving Bure appropriate notice pursuant to I.C. § 19–4906(b), the district court summarily dismissed the application. Bure now appeals, arguing that the district court improperly dismissed his application without an evidentiary hearing.

■ An application for post-conviction relief initiates a proceeding which is civil in

nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983). Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). An application for post-conviction relief may be summarily dismissed without affording the applicant an evidentiary hearing if the applicant's allegations, even if true, would not entitle the applicant to relief. I.C. § 19–4906; *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969); *Tramel v. State*, 92 Idaho 643, 448 P.2d 649 (1968). Therefore, on appellate review we examine the entire record and construe all factual allegations in favor of the applicant to determine whether the applicant has alleged facts which, if true, would entitle him to the requested relief. Although we are required to treat the applicant's uncontroverted allegations as true, we are not required to accept his legal and factual conclusions. *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985).

■ Bure maintains that, on the evidence he presented, relief is authorized by I.C. § 19–4901(a)(4), which provides for post-conviction relief where the applicant demonstrates that there "exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice." We do not agree that Section 19–4901(a)(4) applies in the circumstances presented here. This provision does not afford an opportunity for resentencing based upon changes in the offender's character, health or mental condition occurring after the pronouncement of sentence which may, in hindsight, make the sentence appear more lengthy than necessary. In our view, where an applicant relies upon Section 19–4901(a)(4) to attack a sentence lawfully imposed by the trial court, he or she must present evidence of facts that existed at the time of sentencing (though these facts may have been unknown to the parties at that time), that would have been relevant to the sentencing process, and that indicate the information available to the par-

ties or the trial court at the time of sentencing was false, incomplete or otherwise materially misleading.

Bure predicates his claim upon the second psychological report, which notes that marked improvement in Bure's mental condition and emotional control has occurred since the first evaluation. Despite Bure's conclusory assertions to the contrary, however, the psychologist's second report does not contradict or recant any information presented in the previous report or state that the original diagnosis was incorrect when made. It does not indicate that the report prepared prior to sentencing was based upon faulty information or a faulty professional analysis. The new report does not suggest that the facts before the court at sentencing were inaccurate when presented, nor does it otherwise call into question the integrity of the sentencing process. Consequently, Bure has not shown the existence of facts which, if believed, would require that the sentence be vacated in the interest of justice.

Bure's insistence that he has raised factual issues that necessitate an evidentiary hearing is misplaced, for our decision is predicated upon an assumption, for purposes of this appeal, that all of the factual allegations in Bure's application and in the second psychological report are true.

We observe that Bure essentially has attempted to use a post-conviction relief proceeding under Section 19–4901 to obtain the remedy provided by Idaho Criminal Rule 35, which authorizes motions for reduction of sentences based upon information developed after the imposition of sentence. Bure apparently resorted to a request for post-conviction relief under § 19–4901 because the time for presenting a Rule 35 motion had expired long before his second psychological evaluation was conducted. It is well established, however, that a post-conviction proceeding under I.C. § 19–4901 is not a substitute for a timely Rule 35 motion for reduction of a sentence. *Williams v. State,* 113 Idaho 685, 687, 747 P.2d 94, 96 (Ct.App.1987); *Ramirez v. State,* 113 Idaho 87, 741 P.2d 374 (Ct.App.1987).

Accordingly, the order of the district court dismissing the application for post-conviction relief is affirmed.

WALTERS, C.J., and PERRY, J., concur.