Kathy Jo GRISSOM, Appellant,

v.

STATE of Iowa, Appellee.

No. 96–2217.

Court of Appeals of Iowa.

Oct. 29, 1997.

Linda Del Gallo, State Appellate Defender, and John P. Messina, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Ann E. Brenden, Assistant Attorney General, James J. De Taeye, County Attorney, and Paul G. Crawford, Assistant County Attorney, for appellee.

Heard by CADY, C.J., and HUITINK, and VOGEL, JJ.

CADY, Chief Judge.

Kathy Jo Grissom appeals a district court's order denying her application for postconviction relief. She claims the district court erred in concluding her medical condition did not constitute grounds for vacation of her sentence. We affirm.

In May 1995, Grissom was sentenced by the district court to an indeterminate five-year term for forgery and an indeterminate two-year term for unauthorized use of a

credit card. The sentences were imposed concurrently. She also received an indeterminate five-year sentence for third-offense operating while intoxicated. In June 1995, she was additionally sentenced to an indeterminate two-year term for third-degree theft. This sentence was imposed concurrently with the other sentences.

Prior to the imposition of the sentences, doctors had diagnosed Grissom with Hepatitis C. This medical affliction had already caused some liver damage. After incarceration, Grissom's health further deteriorated. She pursued various medical treatments including chemotherapy. The treatments have not been successful. She now wishes to participate in an experimental medical program to treat her condition. Inmates, however, are forbidden to participate in the program under the admission criteria.

After learning of the experimental program, Grissom filed an application for postconviction relief. She claimed her sentence should be altered to make her eligible for the medical program. The district court granted the State's motion for summary judgment. On appeal Grissom challenges the district court's conclusion that her medical condition did not constitute grounds for vacation of her sentence.

■ We review postconviction relief actions involving statutory questions for errors at law. *Webb v. State,* 555 N.W.2d 824, 825 (Iowa 1996); *Love v. Iowa,* 543 N.W.2d 621, 623 (Iowa App.1995); Iowa R.App. P. 4. Summary judgment is appropriate when no genuine issue of fact exists and the moving party is entitled to a judgment as a matter of law. Iowa R. Civ. P. 237(c). Our review, when the facts are not in dispute, is to determine whether the moving party was entitled to a judgment as a matter of law. *Overton v. State,* 493 N.W.2d 857, 858–59 (Iowa 1992).

Our postconviction relief statute authorizes the district court to provide relief under a variety of circumstances, including when:

(4) There exists evidence of material facts, *not previously presented and heard,* that

requires vacation of the conviction or sentence in the interest of justice.

Iowa Code § 822.2(4) (1995) (emphasis added).

Grissom claims her deteriorating health constitutes a material fact, not previously presented and heard, that requires vacation of her sentence in the interest of justice. The question we must resolve, therefore, is whether Grissom's claim is of the type which the legislature has authorized for postconviction relief.

■ We follow the same analysis to resolve section 822.2(4) claims as we do to resolve claims of a new trial based on newly discovered evidence. *See Knox v. State,* 532 N.W.2d 149, 156 (Iowa App.1995); *Jones v. State,* 479 N.W.2d 265, 274 (Iowa 1991). With newly discovered evidence claims, the claimant must establish: (1) the evidence was discovered after the verdict; (2) the evidence could not have been discovered earlier in the exercise of due diligence; (3) the evidence is material to the case and not merely cumulative or impeaching; and (4) the evidence probably would have changed the result of the trial. *Jones,* 479 N.W.2d at 274. Thus, by definition, newly discovered evidence refers to evidence which existed at the time of the trial proceeding. *Benson v. Richardson,* 537 N.W.2d 748, 762–63 (Iowa 1995). Acts or events occurring subsequent to trial do not generally qualify as newly discovered evidence. *See* 58 Am Jur.2d *New Trial* § 423, at 398 (1989).

■ In Grissom's case, the sentencing court knew she had Hepatitis C. Although her condition had not yet deteriorated to the point where experimental treatments were needed, evidence of Grissom's medical condition nonetheless existed at the time of sentencing. Her claim, therefore, does not fall within the "not previously presented or heard" language of Iowa Code section 822.2(4). Moreover, "newly discovered evidence" sufficient to support a new trial must be evidence that existed at the time of trial. *Id.* Thus, evidence of changes in an inmate's health since the sentencing hearing would not constitute "newly discovered evidence" and would not support a postconviction claim

for vacation of the sentence under section 822.2(4).

Our interpretation of section 822.2(4) is shared by other jurisdictions. In *Bure v. State,* 126 Idaho 253, 880 P.2d 1241 (1994), the Idaho Court of Appeals concluded their postconviction relief statute, identical to the relevant language of our statute, did not afford relief to applicants claiming changed health conditions after sentencing. The Court reasoned:

> This provision does not afford an opportunity for resentencing based upon changes in the offender's character, health or mental condition occurring after the pronouncement of sentence which may, in hindsight, make the sentence appear more lengthy than necessary. In our view, where an applicant relies on [the "material facts not previously presented" statutory ground] to attack a sentence lawfully imposed by the trial court, he or she must present evidence of facts *that existed at the time of sentencing* (though these facts may have been unknown to the parties at that time), *that would have been relevant to the sentencing process, and that indicate the information available to the parties or the trial court at the time of sentencing was false, incomplete of otherwise materially misleading.*

*Bure,* 126 Idaho at 254–55, 880 P.2d at 1242–43 (emphases added); *see also State v. Michels,* 150 Wis.2d 94, 441 N.W.2d 278, 280 (1989) ("new factor" which will justify modification of sentence "must be an event or development which frustrates the purpose of the original sentence;" defendant's deteriorating health did not qualify).

■ We have carved out one exception to the rule that newly discovered evidence must be evidence which existed at the time of the trial proceeding. It is found in extraordinary cases when an "utter failure of justice will unequivocally result" if the new evidence is not considered or where it is no longer just or equitable to enforce the prior judgment. *Benson,* 537 N.W.2d at 762–63. Notwithstanding, the exception does not apply to the facts of this case because its conditions cannot be met.

The legislature has provided a specific means for consideration of claims of deteriorating health or changed health conditions of inmates. The State Parole Board is mandated to interview inmates at regular intervals to determine their eligibility for release on parole prior to the expiration of the term of incarceration. Iowa Code § 906.5(1). At the time of the interview, the Board is required to consider all pertinent information regarding the inmate, including "reports of physical . . . examinations that have been made." Iowa Code § 906.5(3). Accordingly, the relief sought by Grissom in this proceeding is attainable through the parole board. Thus, it is not necessary to consider evidence of changed health conditions in a postconviction proceeding because injustice will not otherwise result and the interests of justice do not require a vacation of sentence.

It is proper for us to presume the legislature has been aware of our longstanding approach to use the newly discovered evidence analysis to resolve claims under section 822.2(4). *Jenney v. Iowa Dist. Court for Linn County,* 456 N.W.2d 921, 923 (Iowa 1990). It is also proper for us to presume the legislature would have specifically altered our approach by changing the statute had they found our approach did not correspond to their intention. *Kenkel v. Iowa State Highway Comm'n,* 162 N.W.2d 762, 766 (Iowa 1968). The statute has remained unchanged.

■ Finally, our conclusion that Grissom's claim does not fall within the parameters of section 822.2(4) is compatible with the existing legislative limitation on the power of the district court to alter a sentence. The district court has the power to reconsider a sentence within thirty days after a misdemeanant begins to serve the sentence, within ninety days after a felon begins to serve the sentence, and within ninety days after a felon begins the sentence. Iowa Code §§ 902.4, 903.2. After this time has passed without an order indicating an intention to reconsider, the district court has no power to alter a sentence. *State v. Iowa District Court,* 492 N.W.2d 666, 668 (Iowa 1992). It would be inconsistent to statutorily limit the power of the district court to alter a sentence in one

instance and grant the same power in the next instance.

We are not unsympathetic to Grissom's claim. Our task, however, is to determine whether the legislature has given the court the power to grant relief. We believe the legislature has properly assigned that power to the State Parole Board not the district court. We affirm the dismissal of the petition for postconviction relief.

**AFFIRMED.**