# IN THE COURT OF APPEALS OF IOWA

No. 14-0530
Filed November 13, 2014

**MATHEW S. COLLETT,**
          Plaintiff-Appellee,

**vs.**

**KARI A. VOGT,**
          Defendant-Appellant.
_____

Appeal from the Iowa District Court for Monona County, Jeffrey A. Neary,
Judge.

A mother appeals the district court order placing the parties' minor child in
the parties' joint physical care. **AFFIRMED.**

Amanda Van Wyhe of Vriezelaar, Tigges, Edgington, Bottaro, Boden
& Ross, L.L.P., Sioux City, for appellant.

Sabrina L. Sayler of Crary, Huff, Ringgenberg, Hartnett & Storm, P.C.,
Sioux City, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

A mother appeals the district court order placing the parties' minor child in the parties' joint physical care. We conclude the mother's appeal was timely; the district court did not abuse its discretion in denying the mother's motion for new trial; it was in the child's best interest to be placed in the joint physical care of the parents; and the court did not act inequitably in allowing each parent to choose a daycare provider and determining the child would attend school in Onawa, Iowa. The mother is ordered to pay $1000 toward the father's appellate attorney fees.

## I.      Background Facts & Proceedings

Mathew Collett and Kari Vogt were never married to each other, but lived together for a period of time, separating in February 2012. Shortly after they separated Kari discovered she was pregnant. On August 28, Mathew filed a petition to establish paternity, custody, parenting time, and child support. The parties' child was born in October 2012.

In a ruling on temporary matters, filed on April 17, 2013, the court placed the child in the parties' joint legal custody, with Kari having physical care. Mathew had visitation with the child on alternating weekends, one overnight each week, and two weeks in the summer. The temporary order also included a provision that Mathew was "entitled to exercise visitation with the child on any weekday that he is not working due to weather or other reasons and the child would otherwise be in daycare." Mathew was ordered to pay child support of $431 per month.

The trial was held on November 21, with physical care as the main issue. Mathew testified he was thirty-four years old and lived in Onawa, Iowa. He was

employed as a carpenter for Morton Buildings. Mathew asked for joint physical care of the child. He stated he and Kari primarily communicated through text messages and about ninety-seven percent of the time they had "civil and respectful conversations." According to Mathew, the parties attended doctor visits together and were able to communicate about parenting issues. Mathew has been diagnosed with bipolar disorder and post-traumatic stress disorder, which he controls with medication.

Kari was twenty-six years old at the time of the trial. She also lived in Onawa, but planned to move to Salix, which is twenty-five miles from Onawa. Kari was employed as a licensed practical nurse, working thirty-six hours per week. Kari was previously married and has two children, ages five and three, from that relationship. These two children are in Kari's physical care; the oldest child has special needs. Kari asserted the child in this case was bonded with her other two children. Kari requested physical care of the child. She testified the parties had communication problems, but were civil when communicating about fifty or seventy-five percent of the time.

The court entered a paternity decree on January 29, 2014. The court granted the parties joint legal custody and joint physical care of the child. The court determined the parties should alternate weeks with the child and alternate holidays. Mathew was ordered to pay $63.82 per month in child support. The court determined each party was free to choose their own daycare provider. The court also determined, "[E]ach party shall have the first right to care for the child at any time the parent who has the minor child is unable to care for her for a

period of six (6) hours or longer." The court ordered the child should attend school in Onawa, unless the parties agreed otherwise.

On February 12, Kari filed a combined motion to amend or enlarge pursuant to Iowa Rule of Civil Procedure 1.904(2) and motion for new trial pursuant to rule 1.1004(7). In the motion to amend or enlarge, she asserted the court had not considered the effect of separating this child from her half-siblings. She also challenged the court's rulings that the parties could each choose their own daycare provider and that the child should attend school in Onawa. In the motion for new trial, she asserted that after the paternity trial she moved to Salix and Mathew had obtained new employment, which changed his working hours. Mathew resisted the motion.

The district court entered a ruling on March 7. The court determined Kari was seeking to present evidence of facts and circumstances that occurred after the trial, and while these may be the basis for a modification, they were not the basis for a new trial. Therefore, the court did not consider the new evidence Kari sought to present. The court declined to amend or enlarge the paternity decree, finding the same arguments had been raised during the trial. Kari now appeals.

## II. Standard of Review

Issues ancillary to a determination of paternity are tried in equity. *Markey v. Carney*, 705 N.W.2d 13, 20 (Iowa 2005). We review equitable actions de novo. Iowa R. App. P. 6.907. When we consider the credibility of witnesses in equitable actions, we give weight to the findings of the district court, but are not bound by them. Iowa R. App. P. 6.904(3)(g).

### III.     Timeliness of Appeal

Mathew contends Kari's appeal is untimely because it was filed more than thirty days after the paternity decree.  He claims she did not file a proper post-trial motion, and thus, her motion did not extend the time for filing an appeal.  He asserts we do not have jurisdiction to decide this appeal, and it should be dismissed.

A notice of appeal must be filed within thirty days after the filing of a final order or judgment.  Iowa R. App. P. 6.101(1)(b); *Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013).  If a party files a timely motion pursuant to Iowa Rules of Civil Procedure 1.904(2) or 1.1007, a notice of appeal must be filed within thirty days after the court rules on the motion.  Iowa R. App. P. 6.101(1)(b).  Kari's posttrial motion was timely under rule 1.1007 (providing a motion for new trial must be filed within fifteen days after a district court decision) and rule 1.904(2) (providing the motion must be filed within the time allowed for a motion for new trial).  The paternity decree was filed on January 29, 2014, and her posttrial motion was filed fourteen days later on February 12.

Mathew claims Kari's posttrial motion was not a proper motion pursuant to rule 1.904(2) or a proper motion for new trial.  An untimely or improper posttrial motion cannot extend the time for appeal.  *Bauer v. Bauer Farms, Inc.*, 832 N.W.2d 663, 668 (Iowa 2013).  "When a rule 1.904(2) motion amounts to nothing more than a rehash of *legal* issues previously raised, we will conclude the motion does not toll the time for appeal."  *Id.* at 668-69 (emphasis added).  A rule 1.904(2) motion may be properly used to request additional factual findings and conclusions, to obtain a ruling on an issue the court may have overlooked, or to

ask the court to reconsider and change its ruling. *In re Marriage of Okland*, 699 N.W.2d 260, 266-67 (Iowa 2005).

We conclude Kari filed a proper rule 1.904(2) motion asking the court to amend or enlarge (1) the physical care ruling because the child in this case is separated from her half-siblings and Kari's work schedule allows her to spend more time with the child, (2) the provision the parties could each choose their own daycare provider; (3) the provision the minor child should attend school in Onawa. A rule 1.904(2) motion "is a procedural mechanism that permits parties to request reconsideration of a ruling, and authorizes the court to change its ruling." *Meier v. Senecaut*, 641 N.W.2d 532, 538 (Iowa 2002). Kari asked for a reconsideration of a ruling based on the application of the facts to the law, and not a ruling based solely on the law. *See id.* ("A second hearing solely involving a legal issue is merely repetitive.").

Because we determine Kari's rule 1.904(2) motion was proper, the motion tolled the time for filing an appeal. *See Bauer*, 832 N.W.2d at 668. We do not separately address the question of whether Kari filed a proper motion for new trial, as her motions were combined in one filing. We conclude Kari's notice of appeal was timely filed within thirty days after the court ruled on her posttrial motion.

### IV.    Motion for New Trial

Kari claims the district court should have granted her motion for a new trial.[1]  She requested a new trial under rule 1.1004(7), on the basis there was "[M]aterial evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial."  We review a district court's ruling on a motion for new trial based on a claim of newly discovered evidence for an abuse of discretion.  *In re Marriage of Wagner*, 604 N.W.2d 605, 608 (Iowa 2000).  "An abuse of discretion is found when the trial court has clearly exercised its discretion on untenable grounds or acted unreasonably."  *Id.*

A party requesting a new trial on the grounds of newly discovered evidence must show: (1) the evidence is newly discovered and could not, in the exercise of due diligence, have been discovered prior to the conclusion of the trial; (2) the evidence is material and not merely cumulative or impeaching; and (3) the evidence will probably change the result if a new trial is granted.  *Benson v. Richardson*, 537 N.W.2d 748, 762 (Iowa 1995).  "[N]ewly discovered evidence refers to evidence which existed at the time of the trial proceeding."  *Grissom v. State*, 572 N.W.2d 183, 184 (Iowa Ct. App. 1997).  "Acts or events occurring subsequent to trial do not generally qualify as newly discovered evidence."  *Id.*

Kari's motion for new trial did not refer to evidence that existed at the time of the trial.  As the district court found, "[T]he newly discovered evidence appears to actually be evidence of facts and circumstances that occurred after this Court conducted the trial."  The court did not consider these new facts and

---

[1] Kari also claims the district court should have granted her rule 1.904(2) motion to enlarge or amend the paternity decree.  We will consider her claims on this ground within the context of discussing the substantive issues raised in the rule 1.904(2) motion.

circumstances, instead stating "These facts may be the basis for a modification but are clearly not newly discovered evidence." We conclude the district court did not abuse its discretion in denying Kari's motion for new trial. We note the new facts and circumstances Kari referred to in her motion for new trial were not made part of the record in this case. Therefore, we do not consider these new facts and circumstances in our consideration of the issues presented in this appeal. *See* Iowa R. App. P. 6.801 (designating the composition of the record on appeal).

### V.      Physical Care

Kari contends the district court should have placed the child in her physical care rather than placing the child in the parties' joint physical care. She asserts she was the child's primary caretaker from the time the child was born until the paternity decree was issued. She also claims the parties are not able to communicate and show mutual respect. She points out the child's half-siblings are in her physical care, and claims the court should not have separated this child from her half-siblings.

In determining physical care for a child, our first and governing consideration is the best interest of the child. Iowa R. App. P. 6.904(3)(o). When physical care is an issue in a paternity action, we apply the criteria found in Iowa Code section 598.41 (2011). Iowa Code § 600B.40. Our analysis is the same whether the parents have been married, or remain unwed. *Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988); *Yarolem v. Ledford*, 529 N.W.2d 297, 298 (Iowa Ct. App. 1994). Our objective is to place the child in an environment likely to

promote a healthy physical, mental, and social maturity. *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007).

In determining whether a child should be placed in the joint physical care of the parents, we consider (1) the historical care-giving arrangement for the child between the two parties; (2) the ability of the parents to communicate and show mutual respect; (3) the degree of conflict between the parents; and (4) the degree to which the parents are in general agreement about their approach to parenting. *In re Marriage of Berning*, 745 N.W.2d 90, 92 (Iowa Ct. App. 2007). In a joint physical care arrangement, both parents share time with the child, maintain a home for the child, and provide routine care for the child. *Id.*

While Kari had been the primary caretaker of the child in the past, Mathew had been diligent in exercising visitation. Furthermore, under the terms of the temporary order, on days when he was not working he took care of the child, rather than have her spend time in daycare. The district court found, "Mat and Kari communicate well and are respectful of each other in their transactions." The court noted they had some disagreements, but no more than expected. The court also determined, "They generally agree on the parenting of [the child] and both parties are clearly capable of parenting her full-time." We conclude the district court considered the factors associated with a grant of joint physical care, and we agree with the court's findings.

In general, siblings, including half-siblings, should be separated only for the most compelling reasons. *In re Marriage of Quirk-Edwards*, 509 N.W.2d 476, 480 (Iowa 1993). In a joint physical care arrangement, a child is still able to spend half of its time with its siblings in one parent's household. We conclude

the child's interest in spending the maximum amount of time with both parents is not outweighed by the separation from the child's half-siblings during the time the child spends in Mathew's home.

We affirm the court's decision placing the parties' child in their joint physical care.

**VI.    Daycare Provider**

Kari next contends the district court should not have ruled the parties could each choose their own daycare provider. The court stated, "Subject to the right of first care provisions, the parties are free to choose their own day care provider for the times they have custody or they may agree on a single day care provider." Kari asserts it would be in the child's best interest to have one daycare provider. Based on the evidence available to the district court at the time of the trial, we determine the court equitably provided each party could choose a daycare provider. In a joint physical care arrangement, both parents have rights and responsibilities toward the child, and neither parent has rights superior to those of the other parent. *See* Iowa Code § 598.1(4). Thus, neither parent has the ability to solely determine the child's daycare provider. The parties, however, may mutually agree on one daycare provider.

**VII.    School District**

Kari claims the district court should not have ordered that the child would attend school in the Onawa school district. On this issue, the court stated, "The parties' child shall attend school in the Onawa, Iowa school district unless the parties agree otherwise." On appeal, Kari seeks to include new facts, which she attempted to introduce in the motion for new trial. We do not consider any facts

beyond the closed trial record. *See In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994) ("We are limited to the record before us and any matters outside the record on appeal are disregarded."). At the time of the trial, both parties were living in Onawa. While the living arrangements of the parties may change over the years, it was not unreasonable for the court to determine the child should attend school in the school district where both parties were currently residing.

### VIII.   Appellate Attorney Fees

Mathew seeks attorney fees for this appeal. Section 600B.25 provides, "The court may award the prevailing party the reasonable costs of suit, including but not limited to reasonable attorney fees." Thus, in paternity actions, an award of attorney fees may only be made to the prevailing party. Iowa Code § 600B.25. Mathew is the prevailing party in this appeal. We determine Kari should pay $1000 toward his appellate attorney fees.

We affirm the decision of the district court. Costs of this appeal are assessed to Kari.

**AFFIRMED**.