## IN THE COURT OF APPEALS OF IOWA

No. 14-1345
Filed September 10, 2015

**JUAN LEDESMA,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.


　　　　Juan Ledesma appeals from the district court's summary dismissal of his application for postconviction relief.  **AFFIRMED.**


　　　　Matthew Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

　　　　Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, Patrick Jennings, County Attorney, and Jill Esteves, Assistant County Attorney, for appellee State.


　　　　Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Juan Ledesma appeals from the district court's grant of the State's motion for summary dismissal of his application for postconviction relief. He asserts the court erred in concluding there was no genuine issue of material fact, but rather, his new expert's opinion constituted newly discovered evidence. We conclude Ledesma's most recent expert's opinion is not newly discovered evidence, and therefore, we affirm the order of the district court dismissing Ledesma's application for postconviction relief.

In 1997, a jury trial was held, and Ledesma was found guilty of first-degree murder, child endangerment, neglect of a dependent person, assault while participating in a felony, and willful injury. During trial, an expert retained by Ledesma—John Plunkett, M.D.—testified the child's injuries and subsequent death could have been caused by a three-foot fall, which could have occurred several days prior to the child's death; he further opined the child's injuries were not necessarily indicative of shaken baby syndrome. On direct appeal, our court affirmed Ledesma's convictions. *See State v. Ledesma*, No. 97-1646, 2000 WL 142095, at *1 (Iowa Ct. App. Feb. 9, 2000). Ledesma previously filed three applications for postconviction relief, one in 2003, the second in 2007, and the third in 2011, all of which were denied.

Ledesma filed the application now at issue on March 21, 2012, and the court granted his motion to amend—filed by postconviction counsel—to include a claim of newly discovered evidence. Ledesma submitted the affidavit of Michael Weinraub, M.D., which contested the conclusion that the child's head injuries and retinal hemorrhaging were necessarily caused by being shaken. Dr. Weinraub

opined that "many" doctors and scientists do not support the "pre-2000 beliefs and testimony regarding infant head injury," though he conceded this was a theory that pre-dated 1997. He further agreed with Dr. Plunkett that the cause of the child's injuries and subsequent death could have been due to a fall that occurred prior to the date of death.

The State filed a motion for summary disposition contesting Ledesma's claim that the opinion of Dr. Weinraub constituted newly discovered evidence. In furtherance of its argument, the State attached an affidavit of Susan Haney, M.D., which supported the conclusions of the medical examiner and State's experts at trial that the cause of the child's death was shaken baby syndrome. Dr. Haney also stated that Dr. Weinraub's opinion could have been supported by the medical literature in existence at the time of trial. A hearing was held on June 13, 2014, and on August 13, 2014, the district court granted the State's motion for summary judgment, dismissing Ledesma's application for postconviction relief. Ledesma appeals.

When no constitutional issues are present, we review a ruling on an application for postconviction relief for correction of errors at law. *Jones v. State*, 479 N.W.2d 265, 271 (Iowa 1991).

To succeed on a claim of newly discovered evidence, Ledesma must show that: (1) the evidence was discovered after the verdict; (2) it could not have been discovered earlier in the exercise of due diligence; (3) the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) the evidence probably would have changed the result of the trial. *See id.* at 274. Additionally, "by definition, newly discovered evidence refers to evidence

which existed at the time of the trial proceeding." *Grissom v. State*, 572 N.W.2d 183, 184 (Iowa Ct. App. 1997).

We agree with the district court that the testimony of Dr. Weinraub does not constitute newly discovered evidence. A subsequent assessment of the child's injuries and death does not satisfy the requirement that the evidence could not have been discovered earlier, particularly given that the medical opinions on which Dr. Weinraub relied were present at the time of trial. *See Jones*, 479 N.W.2d at 274. Furthermore, Dr. Weinraub's opinion, as set forth in his affidavit, substantially mirrors the testimony of the expert retained by Ledesma at trial. Both Ledesma's and the State's trial experts were examined and cross-examined, exposing the jury to both sides of the issue regarding the cause of the child's death. The PCR court found Ledesma's "new" expert's opinion is "merely cumulative, impeaching, and would not have probably changed the result of the trial." We agree. Consequently, Ledesma's claim fails as a matter of law, and we affirm the district court's dismissal of his application for postconviction relief.

**AFFIRMED.**