# IN THE COURT OF APPEALS OF IOWA

No. 13-2067
Filed January 27, 2016

**DONALD DOCKERY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Pottawattamie County, James M.

Richardson, Judge.


        Donald Dockery appeals following the denial of his application for

postconviction relief.  **REVERSED AND REMANDED.**



        Patrick A. Sondag of Sondag Law Office, Council Bluffs, for appellant.

        Thomas J. Miller, Attorney General, and Tyler Buller, Assistant Attorney

General, for appellee State.



        Considered by Danilson, C.J., Mullins, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

Donald Dockery appeals following the denial of his application for postconviction relief (PCR). He does not appeal the grounds for dismissal but instead challenges the representation of his PCR counsel. Specifically, Dockery alleges his PCR counsel was ineffective by failing to investigate and assert claims of ineffective assistance of trial counsel. He further alleges PCR counsel's representation was so deficient as to cause a structural error, rendering the proceedings as a whole unreliable. Because deficiencies in PCR counsels' representation left Dockery essentially unrepresented in the PCR action, we reverse the order dismissing Dockery's PCR application and remand to the district court to allow Dockery the opportunity to present his claims and be heard.

## I.  BACKGROUND FACTS AND PROCEEDINGS.

Between May and October 2008, Dockery was involved in a scam in which he offered to sell automobile parts to others for sums of money ranging between $150 and $600. Buyers from around the country transferred the money to Dockery via Western Union, but Dockery never supplied the promised parts. An investigation revealed Dockery had engaged in a similar scam in Nebraska in 2002.

The State charged Dockery with ongoing criminal conduct and twenty counts of third-degree theft. In February 2009, Dockery agreed to plead guilty to one count of ongoing criminal conduct and four[1] counts of theft in the third

---

[1] At the sentencing hearing, the prosecutor informed the trial court Dockery was pleading guilty to five counts of third-degree theft, and the court stated it would enter judgment

degree,[2] in exchange for the other charges being dismissed. The court sentenced Dockery in accordance with the terms of the parties' agreement, imposing a twenty-five-year sentence on the ongoing-criminal-conduct conviction and two-year sentences on each of the theft convictions, with the sentences ordered to run consecutively. The court suspended the sentences and placed Dockery on two years' supervised probation.

In March 2010, Dockery's probation was revoked, and his prison sentences were reinstated. Two days later, Dockery sent a letter to the clerk of court with the purpose of "inform[ing] the court of [his] intent to appeal" and asking the court "for appointment of [an] attorney to file [the] appeal." Although no specific claims were raised in the letter, the district court directed the clerk of court to treat the letter as a PCR application[3] and appointed counsel to represent Dockery in the action.

During the three-and-a-half years his PCR action was pending, Dockery was represented by three different court-appointed attorneys. In spite of this representation, Dockery made a number of pro se filings expressing his frustration with counsel and the course of the proceedings. Dockery asked the court to remove the first two court-appointed attorneys. Then in December 2012, nearly three years after the PCR proceedings had been initiated, Dockery filed a

---

against Dockery for counts "II through VI" for third-degree theft. However, the written order enters judgment of conviction for counts "II through V" and dismissed counts "VI through XXI."

[2] Because only one of the thefts involved a sum over $500, his third-degree theft convictions were premised on Dockery having "before been twice convicted of theft." *See* Iowa Code § 714.2(3) (2007).

[3] Probation revocation may not be challenged in a direct appeal; a PCR action is the only means of redress available. *State v. Allen*, 402 N.W.2d 438, 441 (Iowa 1987).

pro se PCR application. This application is the only filing in the record identifying any issues to be considered by the PCR court.[4] In its answer, the State alleges the application is procedurally barred because it provides insufficient facts. Despite the threat of dismissal on this basis, counsel never amended or supplemented Dockery's pro se PCR application.

After a number of continuances, a "contested hearing" was held in September 2013. The hearing was unreported,[5] and it appears Dockery was not present in person or telephonically.[6] Only the transcripts of Dockery's plea and sentencing hearing in the underlying criminal matter were admitted into evidence, along with the transcripts of both probation-revocation hearings. On the same day, the PCR court dismissed Dockery's PCR application. The written order cites only one issue the court considered—a claim Dockery's sentence "should be reconsidered or vacated due to his health issues"[7]—which the court notes is

---

[4] The application states various grounds for PCR, including issues relating to jurisdiction in the underlying criminal prosecution, evidentiary issues in the probation-revocation hearings, newly discovered evidence, and a claim his first PCR counsel failed to investigate his claims or file a PCR application. Although Dockery's first attorney filed a motion to reconsider Dockery's sentence in November 2010 and the motion was renewed by his third attorney in June 2013, this issue cannot be raised in a PCR action. *See Grissom v. State*, 572 N.W.2d 183, 185 (Iowa Ct. App. 1997); *see also* Iowa Code §§ 822.3 (2009) (setting forth how to commence PCR proceedings), 902.4 (providing for reconsideration of a felon's sentence).

[5] Only a PCR hearing on the merits must be made on the record. *Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995).

[6] In a letter to his third attorney dated September 23, 2013, Dockery states he "did not participate in this proceeding by phone or in person."

[7] The order appears to only address the issue raised in the motion to reconsider Dockery's sentence, which was filed by counsel in November 2010 and renewed in June 2013. In the September 23, 2013 letter, Dockery asks his attorney why the court failed to rule on the issues he raised in the pro se PCR application filed December 17, 2012. In spite of this apparent oversight, no motion to enlarge or amend was filed. Dockery also asked his attorney to appeal the September 12, 2013 order, which his attorney failed to do. Instead, his attorney filed a motion to withdraw his representation of Dockery on October 7, 2013—which was still within the time period to file an appeal—

not an appropriate basis for a PCR action. *See Grissom*, 572 N.W.2d at 185.

Dockery appealed.[8]

## II.     SCOPE AND STANDARD OF REVIEW.

We review ineffective-assistance claims de novo. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). In addressing questions of ineffective assistance of counsel, we make our own independent evaluation of the totality of the circumstances. *Nims v. State*, 401 N.W.2d 231, 233 (Iowa 1986).

## III.     WAIVER.

We first address the State's argument Dockery waived his claims. Chapter 822 provides two ways in which claims are waived. First, a ground for relief is deemed waived if it is not raised in the PCR applicant's original, supplemental, or amended application unless the applicant shows "sufficient reason" for failing to raise the ground. Iowa Code § 822.8. Second, a ground for

---

stating, "Dockery's case has concluded," as the reason for withdrawing. The court granted the motion to withdraw the same day.

Dockery clearly disagreed with his attorney's assessment that his case had concluded. On October 10, 2013, he filed a document arguing the PCR ruling was, in actuality, a ruling on the motion to reconsider his sentence. On November 4, 2013, Dockery filed a "motion to appeal," in which he states none of his appointed attorneys filed anything substantive in the PCR action. Dockery notes he filed a PCR application in December 2012, which the court failed to address in its September 12, 2013 ruling. Dockery concludes by articulating the deficiency that has led to this appeal, to wit: none of the three attorneys appointed to represent him during the forty-one months the PCR action was pending fulfilled their legal obligations to set forth grounds for PCR, which has caused him prejudice.

[8] Dockery's attempt to appeal pro se was mired in procedural issues and a dispute over the record, which has delayed the determination of this appeal. Although the order being appealed from was filed on September 12, 2013, it was not until August 2014 that the supreme court determined Dockery's appeal was timely, based in part on "the fact that the district court had allowed Dockery's court-appointed counsel to withdraw prior to the expiration of the thirty-day time period in which Dockery was allowed to take an appeal." The parties did not file final briefs until September 2015, two years after the order dismissing the PCR action was entered. The supreme court transferred the case to this court on October 21, 2105, *see* Iowa R. App. P. 6.1101, and it was submitted to us without oral argument on November 18, 2015.

relief is waived if the PCR application is not filed within three years from the date the conviction is final unless based on "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Stated differently, the exception to section 822.8 applies to "timely filed" PCR applications that fail to raise a ground for relief in existence at the time it was filed, and the exception to section 822.3 applies to applications filed after the limitation period expires and raise grounds that could not have been raised before expiration of the limitation period. *Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994)*.* A claim of ineffective assistance of counsel provides sufficient reason for failing to raise a claim in a prior action when the PCR application raising the claim is timely filed, *Odem v. State*, 483 N.W.2d 17, 19 (Iowa Ct. App. 1992), but does not excuse an applicant's failure to timely file the application, *Wilkins*, 522 N.W.2d at 824.

The State argues Dockery has waived his claim under section 822.3 because the basis for his claims—ineffective assistance of counsel during the plea proceedings and at the probation revocation hearing—existed within the limitation period and that limitation period has now expired. In the State's view, once the three-year mark has passed, a PCR applicant has lost the ability to amend or modify the PCR application to allege new claims. The State's interpretation would also foreclose a PCR applicant from raising claims of ineffective assistance of PCR counsel in the direct appeal of a denial of a PCR application when the limitation period expires during the course of the PCR proceedings. Under the State's rationale, PCR counsels' breach of duty would

excuse Dockery's failure to raise the claims of ineffective assistance of trial counsel advanced in this appeal only if the breach had been more timely. Because a direct appeal can only be taken from a final order, *see* Iowa Code § 822.9, adopting the State's view would mean the slow progress of many PCR proceedings would hinder a PCR applicant's ability to guarantee the statutory right to effective counsel has been fulfilled.[9] This is especially troubling in cases such as this, where PCR counsel's inaction constitutes the breach of duty. Essentially, counsel could not be held accountable for any breach of duty, no matter how flagrant, so long as counsel slowed the progress of the PCR action sufficiently to allow the passage of the limitation period. Those initiating a PCR action toward the end of the limitation period would then be especially vulnerable.

Even if the State's argument would not lead to patently unjust results, the case law does not support it. Our supreme court has already determined a PCR applicant is statutorily entitled to effective representation by PCR counsel. *Dunbar v. State*, 515 N.W.2d 12, 14 (Iowa 1994). Furthermore, ineffective assistance of PCR counsel excuses an applicant's failure to raise an issue in a prior proceeding. *Id.* at 14-15. Accordingly, our supreme court has held a PCR applicant may raise a claim of ineffective assistance of PCR counsel in a direct

---

[9] A PCR applicant cannot force counsel to act, let alone to act competently. Nor can an applicant force incompetent counsel to act swiftly. While a PCR applicant has the ability to file pleadings pro se when counsel fails to follow a directive, Dockery did so, and the ensuing confusion over his filings ultimately further delayed the submission of his claim and his appeal.

8

appeal of the denial of a PCR application.[10] *See id.* at 16. The claims Dockery raises in this appeal have not been waived.

**IV. ANALYSIS.**

In order to succeed on a claim of ineffective assistance of counsel—whether attributable to trial counsel or PCR counsel—a defendant must prove counsel breached a duty and prejudice resulted. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). A breach of duty is shown if counsel performed below the standard of a "reasonably competent attorney" as measured against the "prevailing professional norms." *Id.* at 142. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Dockery alleges he was denied effective assistance of PCR counsel when counsel failed to investigate and raise claims of ineffective assistance of trial counsel in the PCR proceeding. He cites two specific claims of ineffective assistance of trial counsel he argues PCR counsel should have raised after a

---

[10] We further note section 822.3 only requires a PCR application "be *filed* within three years from the date the conviction or decision is final" to be timely. Iowa Code § 822.3 (emphasis added); *see also Wilkins*, 522 N.W.2d at 824 (noting "the language of section 822.8 presumes a timely filed application for postconviction relief and the prior availability of a claim"). The law does not foreclose consideration of grounds for relief not raised in the original PCR application; in fact, section 822.8 allows an applicant to raise new claims in a supplemental or amended PCR application. Nor does chapter 822 require all available grounds for relief be raised within the limitation period.

Here, the district court deemed Dockery's attempted appeal of the probation revocation to be a PCR application. That filing occurred within three years of the date Dockery's conviction became final. Accordingly, Dockery has met the only requirement of section 822.3—the timely filing of a PCR application. The PCR action is still active because Dockery appealed the order dismissing his application. Although Dockery has not preserved error on the issues he raises before us on appeal, any ineffective assistance of PCR counsel would excuse the failure.

proper investigation. He alleges: (1) trial counsel in the underlying criminal action allowed him to plead guilty to third-degree theft without a factual basis being shown in the record, and (2) counsel in the probation-revocation proceedings represented him in spite of a conflict of interest. The merit of his ineffective-assistance-of-PCR-counsel claims depend on the merit of these underlying ineffective-assistance-of-trial-counsel claims. *See, generally*, *Ledezma*, 626 N.W.2d at 141-42 (Iowa 2001) (stating that to prove ineffective assistance of appellate counsel, PCR applicant must show that the ineffective-assistance-of-trial-counsel claim would have prevailed if raised on direct appeal).

Dockery also alleges his counsels' performance was so deficient as to cause structural error, which rendered the PCR proceeding "presumptively unreliable." *See Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). Structural error occurs when:

> (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Id.* In such instances, the underlying proceeding is rendered "so unreliable the constitutional or statutory right to counsel entitles the defendant to a new proceeding without the need to show the error actually caused prejudice" because determining prejudice in these cases would require "speculative inquiry into what might have occurred in an alternate universe." *Id.* For example, counsel's failure to file an appeal is presumptively prejudicial because it denies a defendant an entire judicial proceeding and no presumption of reliability can be

accorded to judicial proceedings that never took place. *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

Dockery was denied meaningful representation in the PCR action. His case languished in the district court while the only ground for relief pursued by counsel—the motion to reconsider his sentence—was unrelated to the PCR proceeding. Dockery was left to file his PCR application pro se, and counsel failed to amend or supplement the application in the face of the State's pursuit of dismissal on the grounds the application set forth insufficient facts. Counsel failed to secure Dockery's presence at the PCR hearing in order to allow him to present his own claims. *See Jones v. State*, 731 N.W.2d 388, 391-92 (Iowa 2007) (holding a PCR applicant dissatisfied with counsel's representation is permitted to raise issues pro se, must be afforded an opportunity to be heard on those claims, and is entitled to a ruling on each issue raised). Though we can only speculate as to what, if anything, counsel presented to the court regarding Dockery's PCR claims during the unreported hearing, the only issue addressed in the court's ruling was the issue set forth in the motion to reconsider Dockery's sentence. Further, counsel failed to file a rule 1.904(2) motion asking the PCR court to address Dockery's claims after the dismissal order—which makes no mention of those claims or of Dockery's pro se application—was entered. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").

The State claims counsel made a reasonable decision to pursue the claim mostly likely to result in relief. However, the claim pursued by counsel cannot be addressed in a PCR proceeding, *see Grissom*, 572 N.W.2d at 185 (noting sentencing claims relating to an inmate's health are not the appropriate subject of a PCR action), leading the PCR court to dismiss the application on this basis. Competent counsel would know the issue could not succeed. *Meier v. State*, 337 N.W.2d 204, 207 (Iowa 1983) ("A normally competent attorney who undertakes to represent a criminal defendant should either be familiar with the basic provisions of the criminal code, or should make an effort to acquaint himself with those provisions . . . .").

In summary, although three attorneys were appointed to represent Dockery in the PCR action, none made any substantive filings appropriate to a PCR action during the three-and-one-half years the action was pending. The only avenue for relief pursued by counsel is unavailable in a PCR action. Counsel failed to ensure Dockery's rights were protected by failing to procure his attendance at the hearing, raise his pro se claims, or obtain a ruling on those claims. These deficiencies led to the dismissal of the PCR action, resulting in the sort of structural error that renders the proceedings presumptively unreliable. *See Lado*, 804 N.W.2d at 253 (holding structural error occurs and reversal is required where PCR counsel's failure to respond to a motion for dismissal leads to the dismissal of a case without any consideration of the merits, entitling the applicant to proceed with the PCR action). Accordingly, we reverse the order dismissing Dockery's PCR application and remand the case to allow Dockery to

be heard and receive a ruling on his PCR claims. Rather than decide Dockery's two remaining claims of ineffective assistance of PCR counsel in this appeal, we conclude the merit of the underlying ineffective-assistance-of-trial-counsel claims on which they are based is best considered by the PCR court on remand after full development of the record, along with any other claims Dockery and his counsel may determine have merit. *See State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002) (noting we prefer to allow an adequate record to be developed and trial counsel an opportunity to respond before deciding such claims on the merits).

**REVERSED AND REMANDED.**