# IN THE COURT OF APPEALS OF IOWA

No. 15-0733
Filed May 11, 2016

**JOHN ROBERT GEORGE,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Iowa County, Patrick R. Grady,

Judge.

     John George appeals the order denying his application for postconviction

relief. **AFFIRMED.**

     John J. Bishop, Cedar Rapids, for appellant.

     Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.

     Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

John George appeals the order denying him postconviction relief (PCR) for his 2012 conviction of driving while suspended. He claims his conviction must be vacated in the interest of justice based on a material fact not previously presented or heard. *See* Iowa Code § 822.2(1)(d) (2013). Stated succinctly, George argues his conviction should be vacated because the officer who cited him for the 2012 offense—after observing a person he believed to be George in the driver's seat of a vehicle—mistakenly identified and cited George for driving while barred in 2014. The 2014 charge was dismissed on the State's motion after the police department advised the county attorney that the driver of the vehicle in question was mistakenly identified as George. George now claims that had this subsequent misidentification by the officer, made "under similar circumstances to his initial conviction for driving under suspension, been available to the magistrate court in making credibility determinations in arriving at a verdict, the outcome of his trial would have been a not guilty verdict."

A claimant who seeks PCR based on newly discovered evidence must show:

> (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*Harrington v. State*, 659 N.W.2d 509, 516 (Iowa 2003). However, to qualify as newly discovered evidence, the evidence must have existed at the time of the challenged trial proceeding. *See Grissom v. State*, 572 N.W.2d 183, 184 (Iowa Ct. App. 1997). The officer's misidentification of the driver in the 2014 incident

occurred subsequent to the trial on George's driving-while-suspended offense and therefore does not qualify as newly discovered evidence. *Id.* Recognizing this, George attempts to invoke an exception to this rule. He asserts this is an extraordinary case "when an 'utter failure of justice will unequivocally result' if the new evidence is not considered or where it is no longer just or equitable to enforce the prior judgment." *Id.* at 185 (quoting *Benson v. Richardson*, 537 N.W.2d 748, 762-63 (Iowa 1995)).

After a hearing, the PCR court concluded,

> Here, the new evidence is totally based on events that took place after the trial. Further, the evidence is merely impeaching of [the officer's] prior identification of George as the driver of the vehicle. Finally, [the officer's] ability to observe George at the library [in 2012] was significantly greater than while passing on the road [in 2014] and, thus, knowledge of the subsequent misidentification of George is not sufficient to establish that it would probably have changed the verdict. Finally, this Court does not find that there would be a failure of justice if the Court was to set aside the conviction.

We wholeheartedly agree. The PCR court did not err in denying and dismissing George's application. We therefore affirm.

**AFFIRMED.**