**IN THE COURT OF APPEALS OF IOWA**

No. 23-1246
Filed January 9, 2025

**ALEJANDRO GARCIA,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister, Judge.

An applicant for postconviction relief appeals the district court's order granting the State's motion for summary disposition and denying his application. **AFFIRMED.**

Karmen Anderson, Des Moines, for appellant.

Brenna Bird, Attorney General, and Richard J. Bennett, Assistant Attorney General, for appellee State.

Considered by Ahlers, P.J., Langholz, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**CARR, Senior Judge.**

Alejandro Garcia appeals from the district court's order granting the State's motion for summary disposition and denying his application for postconviction relief (PCR), as well as the district court's subsequent order denying reconsideration. The essential holding of our supreme court affirming his conviction on direct appeal is controlling and forecloses relief. We affirm the PCR court's dismissal.

## I. Background Facts and Proceedings

Following a 1998 bench trial, Garcia was convicted of first-degree murder. The district court found that Garcia and four other men were hired in 1998 to beat up the victim. They did so, and the incident ended with Garcia shooting the victim four times.

The victim was taken to a hospital where he was treated for his injuries. Necessary procedures included the removal of part of one of his lungs. This left him unable to breathe on his own and he had a tracheal tube put in place. While shaving him, a hospital employee nicked that tube. A physician decided the tube needed replaced but swelling in the victim's neck prolonged the process of swapping out the tubes. The victim died from asphyxiation before a new tube was put in place.

Before his trial Garcia hired an expert to testify the treating doctors were negligent—grossly so—in the decision to remove and replace the tube. The trial court excluded this evidence, reasoning the proximate cause of death was the gunshots, not later negligent treatment. The district court found Garcia guilty. Our supreme court affirmed on direct appeal, agreeing the gunshots were the proximate cause of death and correspondingly that proffered expert testimony

concerning claims of medical malpractice was inadmissible.  *State v. Garcia*, 616 N.W.2d 594, 597–99 (Iowa 2000) ("A person who inflicts a mortal or dangerous wound upon another is generally held criminally liable for the victim's resulting death, even in those instances where medical negligence or mistreatment also contributed to the victim's death." (citation omitted)).

Procedendo on that direct appeal was issued October 6, 2000.  Garcia filed this PCR application on January 5, 2022.  On the State's motion, the district court granted summary disposition and denied Garcia's PCR application.

Garcia now appeals.

## II.  Standard of Review

We review summary dismissal of a PCR action for errors of law.  *Moon v. State,* 911 N.W.2d 137, 142 (Iowa 2018).  Summary judgment is appropriate when "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Iowa R. Civ. P. 1.981(3)).  The moving party has the burden to show no genuine issue of material fact is present.  *Id.*  "We view the record in the light most favorable to the nonmoving party."  *Id.*

## III.  Discussion

Garcia argues that, although he applied for PCR after the statutory period ended, a ground of fact that could not have been raised within the applicable period has been discovered.  Iowa Code section 822.3 (2022) provides that a postconviction application must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date

procedendo is issued.[1]  "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period."  Iowa Code § 822.3.

For that exception to apply, the newly found ground of fact must be "relevant to the challenged conviction."  *Moon,* 911 N.W.2d at 143.  That means "the applicant must . . . show a *nexus* between the asserted ground of fact and the challenged conviction."  *Id.* (citation omitted).  It must be relevant, defined as having "the *potential* to qualify as material evidence for purposes of a substantive claim under section 822.2."  *Id.* (citation omitted).

If the bar of the limitations period is avoided, a substantive claim of newly discovered evidence under section 822.2(1)(d) requires a proof that the evidence (1) "was discovered after the verdict;" (2) "could not have been discovered earlier in the exercise of due diligence;" (3) "is material to the issues in the case and not merely cumulative or impeaching"; and (4) "probably would have changed the result of the trial."  *Harrington v. State,* 659 N.W.2d 509, 516 (Iowa 2003) (citation omitted).

By definition, newly discovered evidence refers to evidence which existed at the time of the trial proceeding. *Benson v. Richardson,* 537 N.W.2d 748, 762–63 (Iowa 1995).  "Acts or events occurring subsequent to trial do not generally qualify as newly discovered evidence."  *Grissom v. State*, 572 N.W.2d 183, 184 (Iowa Ct. App. 1997).  But an exception exists "in extraordinary cases when an 'utter failure

---

[1] Garcia concedes that, absent the statutory exception under section 822.3, his PCR application would be barred by the statute of limitations.

of justice will unequivocally result' if the new evidence is not considered or where it is no longer just or equitable to enforce the prior judgment." *Id.* at 185.

Garcia contends that the doctor under whose care the victim died rendered negligent medical care many times after the victim's death. He refers to "a plethora of malpractice claims" against the doctor "from 2000-2007" that resulted in patient deaths during that period.

Garcia's proposed malpractice evidence is simply not relevant to his conviction. That alone prevents us from considering the evidence. *Moon,* 911 N.W.2d at 143. At trial, the district court excluded evidence relating to the doctor's malpractice, and our supreme court affirmed that exclusion because malpractice could not have been the sole proximate cause of the victim's death. *See Garcia*, 616 N.W.2d at 599. Evidence of malpractice occurring after the trial could only advance the proposition that one of the victim's treating physicians caused his death. However, this is the same proposition ruled inadmissible and thus irrelevant by the trial court and affirmed on direct appeal. *See id.* As such, the required nexus between the new ground of fact needed to avoid the bar of the statute of limitations and Garcia's conviction cannot exist.

It does not matter whether Garcia has now uncovered stronger evidence of the doctor's malpractice—it is evidence of the same type that was excluded by the district court. Even if we accepted that this evidence unequivocally shows the doctor engaged in malpractice, it would not change the fact that Garcia's actions were a proximate cause of the victim's death—which is why the malpractice evidence was excluded at trial. Garcia would need to show through newly uncovered evidence that his actions were not a proximate cause of the victim's

death.  He cannot accomplish that task through evidence of the doctor's malpractice, especially in relation to the doctor's completely separate later patients.  Thus, he has failed to establish a nexus between the new ground of fact and his conviction, and the exception to the general three-year bar of the statute is not available to him.

Further, even in the absence of the bar of the statute, to prevail on a claim of newly discovered evidence under section 822.2(1)(d), the new evidence must be material to the issues in the case.  Our discussion of a new ground of fact above demonstrates that the new evidence is not material to the issues in the case.  Garcia's claim must fail even if the time bar is avoided.

Because the newly proposed evidence is not relevant—having already been deemed inadmissible—and resultingly cannot form a basis for relief as newly discovered evidence, we need not consider the effect of its non-existence at the time of trial.  *See Grissom*, 572 N.W.2d at 184–85.

We affirm the order of dismissal entered by the trial court.

**AFFIRMED.**