Victor JONES, Appellant,

v.

STATE of Iowa, Appellee.

No. 94–2117.

Supreme Court of Iowa.

March 20, 1996.

Philip B. Mears of the Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and William A. Hill and Kristin W. Ensign, Assistant Attorneys General, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL and TERNUS, JJ.

PER CURIAM.

Victor Jones, a one-time inmate of the Iowa Men's Reformatory (reformatory), was transferred to the Iowa State Penitentiary (penitentiary). There, he was disciplined for two separate assaults that allegedly occurred while he was at the reformatory. He chal-

lenged the sanctions imposed by the penitentiary committee in an application for postconviction relief. His application was denied and he now appeals. We affirm.

## I. Background Facts.

Prison officials at the penitentiary served Jones with a disciplinary notice charging him with having committed two assaults on two different days while an inmate at the reformatory. The penitentiary disciplinary committee found Jones twice violated reformatory rule 2 prohibiting assaults and imposed a sanction of thirty days of solitary confinement, 365 days of administrative segregation, and 365 days loss of good-conduct time for each rule violation. The committee also invoked any suspended sentence and assessed restitution of over $16,000 in medical costs. The committee's ruling noted, "Incident occurred at [reformatory], thus [reformatory] rules apply, sanctions allowed under [reformatory] rules."

After exhausting his administrative remedies Jones, pro se, filed an application for postconviction relief in the district court. Among other things, he challenged the sanction imposed as being in excess of the normal range of sanctions imposed for assault at the reformatory. An attorney was appointed to represent Jones and an amended petition was filed. This amended petition did not directly challenge the sanction imposed as being contrary to the normal range of sanctions imposed at the reformatory for assault. Jones' first application was denied.

Jones filed a second application for postconviction relief alleging the penitentiary committee improperly imposed the penitentiary's normal range of sanctions rather than the reformatory's normal range of sanctions for assault. Jones asserted his first postconviction attorney's ineffectiveness constituted "cause" for failing to raise this issue in the earlier proceeding.

After a hearing, the district court denied Jones' application. The court found the penitentiary disciplinary committee properly applied reformatory rules. Further, it stated, "The mere fact that one administrative law judge may, generally but not always, impose somewhat more lenient sanctions for a particular rule violation than another would have for the same violation is of no consequence."

On appeal, Jones argues that, pursuant to the holding of *Fichtner v. Iowa State Penitentiary*, 285 N.W.2d 751 (Iowa 1979), the penitentiary disciplinary committee was required to apply not only reformatory rules but also the reformatory's normal range of penalties for assault. Jones claims the normal range imposed by an administrative law judge (ALJ) at the reformatory is less than the normal range imposed by the penitentiary ALJ and less than that imposed in this case. He contends his first postconviction counsel was ineffective in failing to raise this issue and thus he has established cause for failing to assert the issue in his first application.

## II. Scope of Review.

■ A postconviction proceeding is a civil action triable at law and ordinarily this court reviews for errors. *See Mabrier v. State*, 519 N.W.2d 84, 85 (Iowa 1994). However, a claim of ineffective assistance of counsel asserts a violation of the right to a fair trial under the Sixth and Fourteenth Amendments of the United States Constitution and article 1, sections 9 and 10 of the Iowa Constitution. *See State v. Kendall*, 167 N.W.2d 909, 910 (Iowa 1969). Our review is therefore de novo. *See State v. Ray*, 516 N.W.2d 863, 865 (Iowa 1994).

## III. Ineffective Assistance.

■ Ineffective assistance of postconviction counsel can provide "sufficient reason" under Iowa Code section 822.8 (1993) for a successive postconviction application raising new issues. *See Sims v. State*, 295 N.W.2d 420, 422–23 (Iowa 1980). Jones contends his first postconviction counsel was ineffective for failing to raise this sanction issue. In order to establish this ineffectiveness claim Jones must show (1) his attorney's performance fell outside a normal range of competency (2) resulting in prejudice. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). In order to establish the requisite prejudice, Jones must show that, but for counsel's er-

rors, the result of the proceeding would have been different. *Id.*

For the reasons that follow, Jones cannot establish the necessary prejudice. His ineffectiveness claim fails. Consequently, there is not sufficient reason for the sanction issue not being asserted in his first postconviction proceeding and this subsequent application is barred under Iowa Code section 822.8.

## IV. *Discussion.*

In *Fichtner* this court concluded Iowa Code section 246.8 (1977)[1] did not grant a penitentiary disciplinary committee authority to discipline a reformatory inmate for violations of reformatory rules. *Fichtner,* 285 N.W.2d at 756. However, the *Fichtner* court concluded reformatory authorities could "conduct another hearing based on petitioner's alleged misconduct" and "nothing will prevent the hearing from actually being held at either the reformatory or the prison." *Id.* The *Fichtner* court opined the reformatory could designate penitentiary officers to conduct the hearing. *Id.* "If the hearing officers find the charges established, punishment under the reformatory's rules may be carried out at either institution." *Id.*

Jones contends that according to *Fichtner,* the penitentiary disciplinary committee was required to apply not only reformatory rules but also the reformatory ALJ's schedule of penalties for assault. In support Jones relies on this notation in the *Fichtner* opinion: "the reformatory's substantive and procedural rules and mode of punishment must be employed." *Id.* Jones contends penitentiary officials disciplined him for reformatory misconduct but did not follow the reformatory's "mode of punishment." He argues penitentiary officials were thus required to review the reformatory ALJ Larry Brimeyer's notebook of "normal" penalties imposed in disciplinary cases charging a violation of rule 2 (assault) and impose a sanction Brimeyer would have imposed.

Jones reads *Fichtner* too broadly. Iowa Code section 246.8 (1977) provided that inmates could be disciplined for disobeying institutional rules and "punished by the infliction of such penalties as are provided by law and the rules which are prescribed for the government of said institution." The *Fichtner* language upon which Jones relies does nothing more than address that statutory provision. As used by the *Fichtner* court, "mode of punishment" means the types of punishment authorized by the institution's rules. The types of punishment imposed here were authorized by reformatory rules.

Inmate discipline is now governed by Iowa Code section 904.505 (1995), which provides in pertinent part: "Inmates who disobey the disciplinary rules of the institution to which they are committed shall be punished by the imposition of the penalties prescribed in the disciplinary rules." "Upon finding that an

---

1. "The pertinent first sentence of that section, in the chapter relating to the prison and the reformatory, provides: 'Disobedience by the convicts of the disciplinary rules of *the institution* shall be punished by the infliction of such penalties as are provided by law and the rules which are prescribed for the government of *said institution.*'" *Fichtner,* 285 N.W.2d at 755 (emphasis in original).

Chapter 246 was repealed by 1985 Iowa Acts ch. 21, § 53. Discipline of prisoners was then governed by Iowa Code § 246.505 (1985):

1. Inmates who disobey the disciplinary rules of the institution to which they are committed shall be punished by the imposition of the penalties prescribed in the disciplinary rules, according to the following guidelines:
   a. To ensure that sanctions are imposed only at such times and to such a degree as is necessary to regulate inmate behavior within the limits of the disciplinary rules and to pro-

mote a safe and orderly institutional environment.
   b. To control inmate behavior in an impartial and consistent manner.
   c. To ensure that disciplinary procedures are fair and that sanctions are not capricious or retaliatory.
   d. To prevent the commission of offenses through ·the deterrent effect of the sanctions available.
   e. To define the elements of each offense and the penalties which may be imposed for violations, in order to give fair warning of prohibited conduct.
   f. To provide procedures for preparation of reports of disciplinary actions, for conducting disciplinary hearings, and for processing of disciplinary appeals.
   . . . .
This section was renumbered § 904.505 in the 1993 Iowa Code.

inmate has violated an institutional rule, the independent administrative law judge may order forfeiture of any or all good conduct time." Iowa Code § 903A.3(1). Section 903A.4 authorizes the department of corrections to develop rules to implement section 903A.3. The department of corrections has not issued rules that prescribe specific sanctions for violations of specific institutional rules. Rather, upon finding a rule violation for a Class I offense such as assault, all Iowa correctional institutions authorize, among other things, the loss of good conduct time, the imposition of solitary confinement, transfer to a more secure housing unit, assessment of costs, and restriction to an inmate's housing unit. Iowa Dep't of Corrections, Disciplinary Policy & Procedure, Policy No. IN–V–36, II–D.

The disciplinary committee noted that the discipline imposed upon Jones was "authorized by [reformatory] rules." Jones does not contend otherwise. In fact, ALJ Brimeyer testified at the postconviction hearing that the normal range of penalties imposed at the reformatory for a violation of .rule 2 (assault) "would be 10 to 30 days of DD plus 90 days to 365 days of what we call DD–1, which is disciplinary detention 1, plus being assessed any medical cost there may be, plus a loss of good conduct time up to all earned good conduct time." The discipline imposed upon Jones for each finding of assault was within this range. To the extent Jones argues that the sanction imposed was in excess of what was normal for an assault finding at the reformatory, he fails to note these "normal" sanctions are for individual rule violations. Jones was found to have committed two assaults requiring extensive medical care for the victims. We do not doubt that the disci-. plinary committee could choose to impose the upper limit of allowable penalties 'under such circumstances.

■ If Jones is attempting to make a constitutional argument, it is not convincing. The essence of the *Fichtner* opinion is this court's recognition of the due process requirements for prison disciplinary proceedings established in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *See Rushing v. State,* 382 N.W.2d

141, 144 (Iowa 1986). Those minimum procedures required by the Due Process Clause of the Fourteenth Amendment of the United States Constitution were the result of balancing the institution's needs and objectives with an inmate's rights. *Wolff,* 418 U.S. at 556, 94 S.Ct. at 2975, 41 L.Ed.2d at 951 ("there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application"). "Unless the time of the institution is to be largely given over to investigations and hearings and the other activities of the institution largely abandoned, the processing of disciplinary cases must be considerably simpler and more expeditious than trials of cases in the courts." *Fichtner,* 285 N.W.2d at 756. The type of inquiry Jones suggests would greatly interfere with the "simpler and more expeditious" disciplinary proceedings envisioned in *Wolff* and *Fichtner.* The penalties imposed, which were authorized by reformatory rules, did not violate Jones' due process rights.

### V. *Summary.*

■ Jones has failed to establish his first postconviction counsel was ineffective in not asserting this issue in the earlier proceeding. The disciplinary penalties imposed comported with statutory requirements. Due process is afforded if a reformatory inmate is disciplined for a violation of reformatory rules and subjected to a disciplinary sentence authorized by that institution's rules. We affirm the denial of Jones' postconviction application.

**AFFIRMED.**