Yohan WEBB, Appellant,

v.

STATE of Iowa, Appellee.

No. 95–480.

Supreme Court of Iowa.

Nov. 20, 1996.

Patrick E. Ingram of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Kristin W. Ensign, Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

Prison inmate Yohan Webb appeals from a denial of his application for postconviction relief from prison disciplinary action. Webb contends he was denied due process, statutory rights and effective assistance of counsel when the district court refused to allow his personal attendance at the postconviction hearing. We affirm.

A disciplinary committee at the Iowa Men's Reformatory found Yohan Webb guilty of violating disciplinary rule 14 prohibiting inmates from making threats. The committee imposed fifteen days disciplinary detention, 120 days disciplinary detention at level one and a loss of sixteen days good conduct time. Webb's appeals to the warden and the department of corrections were unsuccessful. He then filed an application for postconviction relief. The hearing was set for December 20, 1994, but was continued until February 22, 1995, because Webb was transferred from the Iowa Men's Reformatory in Jones County to the Iowa State Penitentiary in Lee County and had not had time to review certain documents with counsel.

At the postconviction hearing, the district court made a conference call to Webb. He refused to participate by telephone claiming the lines were "unsecured," and requested to be personally present at the hearing. The district court denied Webb's request and proceeded with the hearing which resulted in a denial of postconviction relief.

Webb then filed a pro se "application for discretionary review" challenging the district court order. This court entered an order stating Webb's application should proceed as an appeal as a matter of right.

On appeal, Webb argues he had a due process and statutory right to attend and personally testify at the postconviction hearing or have his testimony presented by way of a deposition. See U.S. Const. amends. V and XIV § 1; Iowa Code § 622.82 (1995). Therefore, he claims that the district court erred in requiring him to testify by telephone, and that his postconviction counsel was ineffective in failing to take his deposition, in leading him to believe he would be allowed to attend the hearing, and in failing to object to the court's requirement to have him testify by telephone.

Insofar as our review involves statutory questions, the standard is to correct errors of law. State v. Stanford, 474 N.W.2d 573, 575 (Iowa 1991). When a postconviction applicant asserts a violation of constitutional safeguards, we make our own evaluation based on the totality of the circumstances. Hinkle v. State, 290 N.W.2d 28, 30 (Iowa 1980).

Webb's claim that he had a constitutional due process right to be present at the postconviction hearing is without merit. Postconviction proceedings are civil actions. Jones v. State, 545 N.W.2d 313, 314 (Iowa 1996). An inmate does not have a constitutional right to be present at a civil trial. Myers v. Emke, 476 N.W.2d 84, 85 (Iowa 1991).

Webb claims the language of Iowa Code section 622.82 (1995) provides him with a right to attend his postconviction proceeding:

A person confined in a penitentiary or jail in the state may, by order of any court of record, be required to be produced for oral examination in the county where the person is imprisoned, and in a criminal case in any county in the state; but in all other

cases the person's examination must be by a deposition.

We are not persuaded by Webb's attempts to argue that the words "produced for oral examination" mean personal attendance at the hearing. But even assuming such language means personal attendance, other language in section 622.82 and also Iowa Code section 822.7 clearly indicates refusal to allow Webb personal attendance at the postconviction hearing was properly within the district court's discretion. Section 622.82 states an inmate "*may* be required to be produced for oral examination," and section 822.7 states the court "*may* order applicant brought before it for the hearing." (Section 622.82 also works against Webb because his hearing was held in a different county than the one in which he was imprisoned—the section states the inmate may be produced for oral examination in the county where the person is imprisoned.)

The district court's discretion to exclude an inmate from personally attending a postconviction hearing has been recognized by this court in *Sallis v. Rhoads*, 325 N.W.2d 121, 123 (Iowa 1982), and *Hahn v. State*, 306 N.W.2d 764, 767 (Iowa 1981). In *Sallis*, the court stated that a postconviction hearing need not include the applicant's testimony, particularly in the absence of proof that applicant's attendance was necessary. *Sallis*, 325 N.W.2d at 123–24. There is no proof that Webb's attendance was necessary. At the hearing he merely asserted the reason he wanted to be present was that the telephone lines were "unsecured." However, Webb was informed the hearing was not confidential and would be reported. Moreover, the court stated there were financial and personnel constraints that supported proceeding with the hearing. *Myers*, 476 N.W.2d at 85 (court's discretion may account for the orderly and efficient exercise of its jurisdiction).

■ Webb's right to due process did not include attendance at the hearing but did require "fundamental fairness" in the proceedings. *Cf. In re J.S.*, 470 N.W.2d 48, 52 (Iowa App.1991). Webb does not deny that he received advance notice of the hearing and telephone conference, that he was represented by counsel at the hearing, and that he was given an opportunity to present testimony orally by telephone. Under these circumstances he was accorded the fundamental fairness due to him. *Id.* (under similar circumstances the court stated incarcerated father was not denied due process when his request to attend termination hearing was denied).

Webb rejected any due process or statutory rights he had to present his testimony. He was warned the court would proceed with the hearing and his counsel advised him to testify by telephone but he refused to either speak to the court or counsel. He cannot now complain he was not given an opportunity to be heard.

■ Finally, Webb claims his counsel was ineffective in several ways. In addressing ineffective-assistance-of-counsel claims, we review de novo the totality of relevant circumstances. *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987). Webb must demonstrate, by a preponderance of the evidence, that counsel breached an essential duty from which prejudice resulted. *Brewer v. State*, 444 N.W.2d 77, 83 (Iowa 1989).

■ First, Webb claims his counsel led him to believe he (Webb) would personally attend the hearing and that the hearing was continued from December to February to accommodate his attendance. The record does not support this claim. The hearing was postponed because Webb was being transported to another prison and had not read over certain documents with his counsel. Further, Webb was given advance notification of the date of the hearing and that it would be held by telephone conference.

Second, Webb contends his counsel was ineffective for failing to take his deposition. However, after Webb decided he did not want to testify by telephone he also refused to talk with his counsel. In this situation counsel was unable to obtain a deposition.

Third, Webb asserts his counsel was ineffective in failing to object to the court's decision to have telephone testimony. However, as discussed above, Webb did not have a right to personally attend the hearing so his counsel had no duty to ask for attendance.

■ Even assuming Webb's counsel was ineffective, Webb suffered no prejudice from the lack of his testimony at the hearing. The

disciplinary committee's finding of guilt for threats and the sanctions would have been upheld because there was "some evidence" to support the committee's decision. *See Mahers v. State,* 437 N.W.2d 565, 569 (Iowa 1989). The evidence reflects Webb wrote a letter to the adjustment committee in which he describes, among other things, how he would enjoy injecting 12 ccs of sodium pentothal into a correctional officer's right jugular vein and "skin him like a rabbit or worm exposing his full physical anatomy from head to toe."

In conclusion, Webb was not denied any due process or statutory rights to personally attend the postconviction hearing. He was accorded opportunities to present testimony in compliance with the principles of fundamental fairness and he waived those opportunities. Finally, Webb's postconviction counsel did not perform ineffectively. Our decision is in line with practical considerations previously outlined by this court:

> The personal attendance of ... inmates at every postconviction hearing would create problems of cost and security, and would almost certainly encourage the filing of repetitive and groundless applications for the purpose of getting "a day on the outside."

*Hahn,* 306 N.W.2d at 768.

We affirm the district court judgment.

**AFFIRMED.**