# IN THE COURT OF APPEALS OF IOWA

No. 13-1348
Filed August 27, 2014

**KYLE LARSON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer,
Judge.


        Kyle Larson appeals from the district court's order dismissing his
application for postconviction relief.  **AFFIRMED.**


        James T. Peters, Independence, for appellant.

        Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney
General, Thomas J. Ferguson, County Attorney, and Linda Fangman, Assistant
County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Kyle Larson appeals from the district court's order dismissing his application for postconviction relief. Finding no error, we affirm the judgment of the district court.

On August 4, 2011, Larson was convicted of sexual abuse in the second degree, in violation of Iowa Code section 709.3 (2007). In his application for postconviction relief, as relevant here, Larson claimed his trial counsel rendered constitutionally deficient performance by failing to seek the mental health records of the victim. To establish a claim for ineffective assistance of counsel, Larson was required to show "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Regarding the first element, Larson was required to establish his trial counsel's representation dropped below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Regarding the second element, Larson was required to establish trial counsel's allegedly deficient performance caused a complete "breakdown in the adversary process" such that his conviction is unreliable. *See id.* at 687. This required Larson to establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Failure to prove either element is fatal to his claim. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).

The district court found Larson failed to establish his trial counsel was ineffective. As the district court correctly explained, in a criminal proceeding, the victim's mental health records are not available for inspection as a matter of right

but instead are available only upon a threshold showing of discoverability. *See State v. Cashen*, 789 N.W.2d 400, 407-10 (Iowa 2010) (articulating required threshold showing and protocol to be followed with respect to victim medical records); *see also* Iowa Code § 622.10(4) (2011) (superseding *Cashen* and setting forth standard and protocol relating to discovery of privileged records in criminal proceedings); *State v. Neiderbach*, 837 N.W.2d 180, 195 (Iowa 2013) (recognizing section 622.10(4) supersedes *Cashen*). The district court found Larson failed to establish any facts indicating the victim's medical records would have been subject to discovery in the criminal proceeding. Therefore, the postconviction court held, trial counsel was not ineffective for failing to seek them.

To the extent Larson argues the postconviction court erred in this determination, we reject his argument. Larson failed to show "a reasonable probability that the information sought is likely to contain exculpatory information that is not available from any other source . . . ." Iowa Code § 622.10(4)(a)(2)(a). His counsel thus had no duty. *See State v. Dudley,* 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.").

To the extent Larson argues the postconviction court erred in dismissing his claim without conducting an *in camera* inspection of the victim's mental health records pursuant to Iowa Code section 622.10(4), that argument is also without merit. Larson appears to conflate two separate issues: his claim of ineffective assistance of counsel presented in this postconviction relief proceeding and his right to access medical records in the underlying criminal proceeding. In this case, the only issue presented to the district court was whether trial counsel was

ineffective in failing to seek the victim's medical records. There was no section 622.10(4) motion presented to the postconviction court to seek the victim's medical records. Nor could there have been such a motion. Section 622.10(4) applies only to the disclosure of privileged medical records in a "criminal action." *See* Iowa Code § 622.10(4)(a). This is a civil postconviction relief proceeding filed pursuant to chapter 822 and not a "criminal action." *See Webb v. State*, 555 N.W.2d 824, 825 (Iowa 1996) (per curiam) ("Postconviction proceedings are civil actions."). Larson had no right to the records and no right to have the postconviction court conduct an *in camera* inspection of the same.

For the foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED.**