# IN THE COURT OF APPEALS OF IOWA

No. 14-0402
Filed September 10, 2015

**NED WILLIAM REYNOLDS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Monona County, Duane E. Hoffmeyer, Judge.

    Ned Reynolds appeals from the dismissal of his application for postconviction relief. **REVERSED AND REMANDED.**

    Robert E. Peterson, Carroll, for appellant.

    Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, and Ian A. McConeghey, County Attorney, for appellee State.

    Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

Ned Reynolds, found guilty of second-degree sexual abuse, had his judgment and sentence affirmed by this court. *See State v. Reynolds*, No. 09-1208, 2009 WL 1875740, at *1 (Iowa Ct. App. May 12, 2010). Reynolds subsequently filed an application for postconviction relief raising several ineffective-assistance-of-counsel claims.

The State moved for summary judgment, which Reynolds's attorney resisted. The district court scheduled the matter for hearing and authorized the parties to participate by telephone hearing, if they so desired. Although a judge was specially assigned to the case, the parties agreed to have a different judge consider the matter.

The parties proceeded with discovery. Reynolds's postconviction attorney deposed his trial attorney and the State propounded interrogatories to Reynolds, which he answered and signed.

Counsel for the State and for Reynolds attended an unreported hearing on the motion for summary judgment. There is no indication Reynolds was informed of the hearing or participated in it.

Following the hearing, the district court filed an order stating judicial notice was taken of "the attachments to the motion for summary judgment," including the decision on direct appeal, the deposition transcript of Reynolds's attorney, Reynolds's interrogatory answers, and the "entire underlying criminal file." Everything except the "entire criminal file" was proffered by the State. The court denied each of Reynolds's ineffective-assistance-of-counsel claims on the merits.

On appeal, Reynolds asserts his postconviction attorney was ineffective in (1) waiving the specially-assigned judge, (2) waiving reporting of the summary judgment hearing, and (3) failing "to inform [him] of the hearing and to ensure that he was present." These omissions, he argues, amounted to a denial of due process. We find the third claim dispositive.

The Iowa Supreme Court addressed a virtually identical issue in *Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002). There, a postconviction-relief applicant resisted the State's motion for summary judgment, asserting in part that summary disposition was inappropriate. The district court dismissed the application without an evidentiary hearing. The dismissal order stated Manning's postconviction counsel appeared for Manning at the unreported proceeding. On appeal, Manning argued the district court erred in failing to afford him an evidentiary hearing. *Manning*, 654 N.W.2d at 558.

The Iowa Supreme Court examined Iowa Code section 822.6, which states:

> The court may grant a motion by either party for summary disposition of [a PCR] application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Iowa Code § 822.6 (2013). According to the court, the "goal" of this method of disposition of PCR applications "'is to provide a method of disposition *once the case has been fully developed by both sides*, but before an actual trial.'" *Manning*, 654 N.W.2d at 559 (quoting *Hines v. State*, 288 N.W.2d 344, 346 (Iowa 1980)).

The court concluded "the district court should not have summarily dismissed Manning's application." *Id.* at 562. The court reasoned, "Manning was not properly notified that he would need to present proof on any issue other than what was alleged in the State's motion to dismiss," Manning's claims raised genuine issues of material fact precluding entry of summary disposition, and "when claims of ineffective assistance of counsel are properly raised in a postconviction relief application, 'an evidentiary hearing on the merits is ordinarily required.'" *Id.* at 561-62 (citations omitted).

As in *Manning*, there is no indication Reynolds's postconviction attorney informed Reynolds of the scheduled hearing on his postconviction-relief application or made an effort to ensure his presence at the hearing. On our de novo review, we conclude counsel breached an essential duty in failing to take these steps. *See Strickland v. Washington*, 466 U.S. 668, 687 (Iowa 1984).

In reaching this conclusion, we have considered two factual differences between *Manning* and this case. First, in *Manning*, the State's motion to dismiss only raised procedural grounds for dismissal of the application. Accordingly, Manning had no warning the court might reach the merits of his application. *Manning*, 654 N.W.2d at 560. Here, the State's motion for summary judgment addressed the merits of Reynolds's ineffective-assistance-of-counsel claims and included supporting documentation in the form of trial counsel's deposition transcript and Reynolds's signed answers to interrogatories. Second, the court never scheduled a hearing in *Manning*, whereas here, the district court afforded Reynolds the opportunity to participate by telephone. But these seemingly stark differences matter little if Reynolds was unaware of the scheduled hearing and of

his right to present evidence controverting the allegations in the State's motion. Indeed, one of Reynolds's signed answers to interrogatories, in which he listed himself as a witness, highlighted his desire to testify. While it could be said those answers effectively placed his side of the story before the court, the questions were prepared by the State and the answers served as a poor substitute for his live elaboration of his ineffective-assistance-of-counsel claims.

Postconviction counsel's failure to inform Reynolds of the hearing or inquire about his desire to participate prejudiced Reynolds. *See Strickland,* 466 U.S. at 487. Time and again, the postconviction court's ruling cited the absence of evidence from Reynolds. For example, the court stated Reynolds offered "no specific inconsistencies that he believes cross-examination of the experts could have revealed," "offered no specific testimony or evidence [a witness] could have offered that might create a genuine issue of material fact for trial," and "offered no evidence of a 'prior medical complaint' beyond the medical record of the victim created during her examination by [a medical professional]." Had Reynolds been informed of the hearing, he may have offered evidence on these and other subjects. We conclude he was not afforded an opportunity to "fully develop" his case. *See Manning*, 654 N.W.2d at 559.[1]

---

[1] The State cites *Webb v. State*, 555 N.W.2d 824, 826 (Iowa 1996), for the proposition that Reynolds had "no constitutional right to be present at a postconviction-relief hearing." *Webb* does not authorize a wholesale denial of the opportunity to participate. Webb "refused to participate by telephone" and asked to be personally present. *See Webb*, 555 N.W.2d at 825. The court concluded, "Webb was not denied any due process or statutory rights to personally attend the postconviction hearing. He was accorded opportunities to present testimony in compliance with principles of fundamental fairness and he waived those opportunities." *Id.* at 827.

We reverse and remand for an evidentiary hearing on Reynolds's postconviction-relief application.

**REVERSED AND REMANDED.**