# IN THE COURT OF APPEALS OF IOWA

No. 15-0584
Filed August 17, 2016

**PEDRO PEREZ-FUENTES,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marshall County, Timothy J. Finn,

Judge.

An applicant for postconviction relief appeals the district court's summary

dismissal of his second application.  **AFFIRMED.**

Unes J. Booth of Booth Law Firm, Osceola, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant

Attorney General, for appellee State.

Considered by Doyle, P.J., Bower, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

Pedro Perez-Fuentes appeals the district court's summary dismissal of his second application for postconviction relief (PCR). Perez-Fuentes maintains the district court erred when it granted the State's untimely motion to dismiss. Additionally, he claims his PCR counsel was ineffective for failing to preserve error on the district court's violation of his statutory rights by dismissing his application without giving him an opportunity to respond and by holding a hearing on the State's motion without Perez-Fuentes being present. Finally, he contends the district court erred when it stated he "waived" his rights under the Vienna Convention.

**I. Background Facts and Proceedings**

Following a jury trial, Perez-Fuentes was convicted of first-degree murder in September 2006. He filed a direct appeal, and a panel of our court rejected each of his claims and affirmed his conviction. *See State v. Perez-Fuentes*, No. 06-1465, 2007 WL 4191962, at *5 (Iowa Ct. App. Nov. 29, 2007). Perez-Fuentes applied to the Iowa Supreme Court for further review, and his application was denied. Procedendo issued on January 25, 2008.

Perez-Fuentes filed his first pro se application for PCR on March 6, 2008. He was appointed counsel and later filed an amended application. The district court ultimately dismissed the application, and Perez-Fuentes appealed. Another panel of our court reviewed Perez-Fuentes's claims and affirmed the district court's dismissal. *See Perez-Fuentes v. State*, No. 13-0024, 2014 WL 4929806, at *2 (Iowa Ct. App. Oct. 1, 2014).

Perez-Fuentes filed his current pro se application for PCR on October 16, 2014. In his application, Perez-Fuentes asserted "[t]he conviction and sentence is in violation of the Constitution of the U.S. and the Constitution and laws of the state of Iowa;" "[t]here exists evidence of material facts not previously presented . . . ;" and "[t]he conviction and sentence is otherwise subject to collateral attack." More specifically, Perez-Fuentes raised four claims of ineffective assistance, stating each level of counsel—criminal trial, criminal appeal and first PCR—was ineffective for failing (1) to "pursue the issue" of another person's DNA in the body of the deceased, (2) to raise and preserve the issue Perez-Fuentes was "denied his right to consult a Mexican Consulate under the Vienna Convention," (3) to raise the issue that Perez-Fuentes did not have a proper interpreter to waive his *Miranda* rights, and (4) to raise issues concerning new rulings regarding the felony-murder rule.

On February 23, 2015, the State filed a motion to dismiss, alleging Perez-Fuentes's claims were time-barred by Iowa Code section 822.3 (2013). The district court held a hearing on the motion on March 23, 2015. Perez-Fuentes was not present at the hearing; his PCR counsel told the court he was waiving his client's presence because "this is not an evidentiary hearing but motion only."

The next day, the district court filed an order, in which it noted that PCR applications must be filed within three years from the date the writ of procedendo issued, except where there are grounds of law or fact that could not have been raised within the three years. Because Perez-Fuentes had only raised allegations of ineffective assistance, which do not fall within the exception, Perez-

Fuentes had not raised any issues that could survive dismissal. Additionally, the court noted:

> Finally, Perez-Fuentes specifically raises in his argument that prior counsel were ineffective for not properly raising the issue of denial of the Applicant's right to consult a Mexican Consulate under the Vienna Convention. This ground was waived because it was not raised in the prior proceedings. Had it been raised, the outcome would not have been different.

> Perez-Fuentes appeals.

## II. Standard of Review

We review postconviction proceedings, including summary dismissals, for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). However, applications for postconviction relief that allege ineffective assistance raise a constitutional claim, which we review de novo. *Id.*

## III. Discussion

### 1. Dismissal of Application

Perez-Fuentes maintains the State's motion to dismiss was untimely and the district court erred by granting it. Perez-Fuentes claims the State had only thirty days to file an answer pleading the affirmative defense of the statute of limitations and it failed to do so in that time.

Applications for postconviction relief must be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. The defense of the statute of limitations "must be affirmatively asserted by a responsive pleading." *Davis v. State*, 443 N.W.2d 707, 708 (Iowa 1989). However, the State is not required to plead the defense in an answer. Rather, "when it is obvious from the

uncontroverted facts shown on the face of the challenged petition that the claim for relief was barred when the action was commenced, the defense may properly be raised by a motion to dismiss." *Id.*

Here, it is clear on the face of the application that it was time-barred. While Perez-Fuentes claimed there were material facts previous counsel failed to present, he did not claim that those facts could not have been presented within the three-year limitation. *See* Iowa Code § 822.3 ("[T]his limitation does not apply to a ground of fact or law that *could not have been raised* within the applicable time period." (emphasis added)). Rather, Perez-Fuentes only claims that each of his previous counsel was ineffective for failing to pursue and preserve various arguments. These claims of ineffective assistance are not an exception to the time limit of section 822.3. *See Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) (holding that an applicant for PCR cannot circumvent the effect of the three-year time-bar by merely claiming the ineffective assistance of postconviction counsel because section 822.3 "creates an exception for untimely filed application if they are based on claims that 'could not' have been previously raised because they were not available").

The State's motion to dismiss properly raised the statute of limitations as an affirmative defense, and the district court did not err by granting the motion.

**2. Opportunity to Respond**

Perez-Fuentes maintains this PCR counsel was ineffective for failing to preserve error on the district court's violation of Perez-Fuentes's statutory rights by dismissing his application without giving him an opportunity to respond.

"To prevail on a claim of ineffective assistance, the applicant must demonstrate both ineffective assistance and prejudice." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Both claims must be proven by a preponderance of the evidence, and we may end our analysis if either element is lacking. *See id.*

Here, Perez-Fuentes's claim fails because he cannot establish that he would have been successful on appeal if counsel had preserved the claim. *See Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016) ("[P]ostconviction counsel had no duty to pursue a meritless claim."). The State filed its motion to dismiss on February 23, 2015, and a hearing on the matter was scheduled to take place one month later. In the meantime, nothing prevented Perez-Fuentes from filing a resistance or a reply. "Section 822.6 contemplates that a claimant in a postconviction case will be allowed to have extensive pro se participation in the proceedings." *Gamble v. State*, 723 N.W.2d 443, 445 (Iowa 2006). In fact, a postconviction-relief "applicant may file application, briefs, resistances, motion, and all other documents the applicant deems appropriate in addition to what the applicant's counsel files. This qualification should give the applicant assurance that all matter the applicant wants raised before the district court will be considered." *Leonard v. State*, 461 N.W.2d 465, 468 (Iowa 1990). From the record before us, it appears Perez-Fuentes was given the opportunity to respond; he just failed to do so. As such, the district court did not err by dismissing his application, and PCR counsel did not violate a duty to preserve the claim.

### 3. Right to be Present

Perez-Fuentes also maintains this PCR counsel was ineffective for waiving Perez-Fuentes's presence at the hearing on the motion to dismiss, in violation of his statutory rights.

While we agree it is not best practice to exclude the applicant from PCR hearings, Perez-Fuentes cannot establish that he suffered prejudice from his lack of testimony or presence at the hearing. *See Webb v. State*, 555 N.W.2d 824, 826–27 (Iowa 1996) ("In conclusion, [the applicant] was not denied any due process or statutory rights to personally attend the postconviction hearing. He was accorded opportunity to present testimony in compliance with the principles of fundamental fairness and he waived those opportunities. Finally, [his] postconviction counsel did not perform ineffectively [because the applicant suffered no prejudice from his lack of testimony].").  As explained above, the four claims in his application for PCR involved whether earlier counsel was ineffective and evidence that was not presented in earlier proceedings—as opposed to not able to have been presented. Neither of these types of claims are exceptions to the three-year limitation found in section 822.6. *See Wilkins*, 522 N.W.2d at 824. Even if Perez-Fuentes was present and able to testify about his claims in-depth, it would not have changed the court's ruling that they were time-barred. For that reason, counsel was not ineffective for waiving Perez-Fuentes's presence at the hearing.

### 4. Vienna Convention

Perez-Fuentes maintains the district court erred by determining he had waived his rights under the Vienna Convention. Although we question the use of

the term "waived" in its order, the district court did not err in dismissing this claim along with the others.

Perez-Fuentes did not raise an issue regarding his rights under the Vienna Convention until his second application for PCR.  *See Fryer v. State*, 325 N.W.2d 400, 405 (Iowa 1982) ("Even issues of constitutional magnitude will not be addressed if not presented in the trial court."); *see also Ledezma*, 626 N.W.2d at 141 ("Generally, a claim not raised on direct appeal cannot be raised in a postconviction relief proceeding unless the applicant can demonstrate a sufficient cause or reason for not properly raising the issue previously." (citing Iowa Code § 822.8)).  As such, his only option was to raise the issue under an ineffective-assistance framework.  *See* Iowa Code § 814.7(1) ("An ineffective assistance of counsel claim . . . need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief."); s*ee also Jones v. State*, 545 N.W.2d 313, 314 (Iowa 1996) ("Ineffective assistance of postconviction counsel can provide 'sufficient reason' under Iowa Code section 822.8 . . . for a successive postconviction application raising new issues.").

Here, it appears the district court believed Perez-Fuentes was attempting to make a direct challenge regarding his rights under the Vienna Convention and thus found he had not preserved the error for review.[1]  However, it is clear from his written application that Perez-Fuentes claimed each of his previous counsel

---

[1] We believe the court used "waived" when it meant to say Perez-Fuentes "had not preserved error."  *Compare Waive*, Black's Law Dictionary (10th ed. 2014) ("To abandon, renounce, or surrender (a claim, privilege, right, etc); to give up (a right or claim) voluntarily."), *with Preservation of Error*, Black's Law Dictionary (10th ed. 2014) ("The taking of all steps necessary under the rules of procedure or at common law in bringing an improper statement to the trial court's attention so that, if not corrected, the mistake can be reviewed on appeal.").

was "ineffective for failing to raise and preserve for error the issue of the Applicant being denied his right to consult a Mexican Consulate under the Vienna Convention." Because ineffective-assistance-of-counsel claims are an exception, Perez-Fuentes was not barred from raising the claim due to error-preservation rules. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010). However, as explained above, claims of ineffective assistance do not fall within the exception to section 822.3, so Perez-Fuentes's claim regarding whether counsel was ineffective for failing to inform him of his rights under the Vienna Convention was still time-barred. *See Wilkins*, 522 N.W.2d at 824 (rejecting claim that ineffective assistance from PCR counsel was an exception to the time limitation because the "claims neither involve new evidence nor are they new legal claims").

## IV. Conclusion

Because it was clear on the face of Perez-Fuentes's application that it was time-barred, and in such a case the State may raise the statute of limitations defense in a motion to dismiss, the district court did not err in granting the motion. Because the district court did not err in dismissing Perez-Fuentes's application before he responded, counsel had no duty to preserve the district court's alleged error. Additionally, because Perez-Fuentes cannot establish that his application would not have been dismissed if he was present at the motion to dismiss hearing, he cannot establish that he was prejudiced by counsel's alleged failure in waiving Perez-Fuentes's presence. Lastly, the district court did not err in dismissing Perez-Fuentes's claim regarding the Vienna Convention along with his other untimely claims. For these reasons, we affirm.

**AFFIRMED.**