# IN THE COURT OF APPEALS OF IOWA

No. 19-1242
Filed August 4, 2021

**CARLOSS ROBINSON,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Lars Anderson, Judge.

Carloss Robinson appeals from the denial of his postconviction relief (PCR) application. **AFFIRMED.**

Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Heard by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

Carloss Robinson appeals from the denial of his postconviction relief (PCR) application. He argues the PCR court erred in rejecting his prosecutorial misconduct argument, erred in denying his ineffective-assistance-of-counsel claim about evidence of his praying during a police interrogation, and erred in denying his request for a DNA sample. We affirm the PCR court's ruling.

## I. Background Facts and Proceedings.

A jury found Robinson guilty of first-degree murder in 2002. He was sentenced to life in prison. Robinson appealed. This court affirmed his conviction. *State v. Robinson*, No. 02-767, 2003 WL 21459681, at *10 (Iowa Ct. App. June 25, 2003). In October 2003, Robinson filed a pro se PCR application, and he was appointed counsel. His lawsuit simmered on the court's backburner for almost fourteen years before it came to trial in August 2017. In the interim, Robinson filed multiple and long pro se amendments to his application. A seemingly endless string of motions to continue were granted. The PCR court ruled in April 2019 that Robinson had no right to relief. After his post-trial motion was denied, Robinson appealed. The appeal was transferred to this court in April 2021.

## II. Scope of Review.

"We normally review postconviction proceedings for errors at law." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). But when there are ineffective-assistance-of-counsel claims, our review is de novo. *Id.*

## III. Analysis.

Robinson raises three issues on appeal. First, he contends the prosecutor's closing argument comments that Robinson's trial testimony was "ludicrous,"

"ridiculous," and "bogus" were improper and prejudicial. Second, he argues his trial counsel provided ineffective assistance in failing to object to State's evidence regarding "prayer" by Robinson during his police interview. Third, he contends the PCR court misconstrued Iowa Code section 81.8(5) (2019) in denying Robinson's request for a DNA sample.

## A. Prosecutor's Closing Argument.

During closing arguments, the prosecutor characterized Robinson's trial testimony as "ludicrous," "ridiculous," and "bogus." Robinson argues those words "violated the requirements of *State v. Graves*, 668 N.W.2d 860 (Iowa 2003), which prohibits a prosecutor from calling a witness a liar or using similar language." Robinson's counsel did not object to the prosecutor's comments during trial, nor was the issue raised on direct appeal. Robinson first raised the *Graves* issue in his amended PCR application, and also raised it as one of ineffective assistance of counsel. The PCR court addressed the merits of the prosecutorial misconduct issue and found there was misconduct but no resulting prejudice.

In determining there was prosecutorial misconduct, the PCR court stated:

> Robinson's PCR counsel cites to *State v. Graves* as setting forth the appropriate legal standard to determine whether there was prosecutorial misconduct and resulting prejudice. While *Graves* was decided after Robinson's criminal trial, I have no problem applying *Graves* to Robinson's case. In *Graves,* the court noted "just two years prior to the trial in this matter, this court held that comments similar to those made by the county attorney in this case were 'clearly improper.'" *State v. Graves,* 668 N.W.2d 860, 882 (Iowa 2003) (citing *State v. Rutledge* 600 N.W.2d 324, 325 (Iowa 1999)).
>
> In *Graves* the court stated that "[i]t is improper for a prosecutor to call the defendant a liar, to state the defendant is lying, or to make similar disparaging remarks." *Id.* at 876. "Notwithstanding this prohibition, a prosecutor is still free 'to craft an argument that includes reasonable inferences based on the evidence and . . . when a case turns on which of two conflicting stories is true, [to argue that]

certain testimony is not believable.'" *Id.* (quoting *State v. Davis,* 275 Kan. 107, 61 P.3d 701, 710–11 (2003)). It is only misconduct "when the prosecutor seeks [to tarnish the defendant's credibility] through unnecessary and overinflammatory means that go outside the record or threaten to improperly incite the passions of the jury. *State v. Carey,* 709 N.W.2d 547, 556 (Iowa 2006)." To determine whether the line between zealous advocacy and misconduct has been crossed, courts are to consider three factors:

> (1) Could one legitimately infer from the evidence that the defendant lied? (2) Were the prosecutor's statements that the defendant lied conveyed to the jury as the prosecutor's personal opinion of the defendant's credibility, or was such argument related to specific evidence that tended to show the defendant had been untruthful? And (3) Was the argument made in a professional manner, or did it unfairly disparage the defendant and tend to cause the jury to decide the case based on emotion rather than upon a dispassionate review of the evidence?

*Graves,* 668 N.W.2d at 874–75. Applying these factors to the objected to statements, I find that that line was crossed with the statements involving the words ludicrous, ridiculous, and bogus.

Robinson admitted that he lied to the police. Including his trial testimony, he gave three different versions about what happened. Some of the objected to statements by the prosecutor were permissible comments on Robinson's credibility. The ludicrous, ridiculous, and bogus statements, however, were statements that were unduly disparaging and risked creating an emotional reaction. They crossed the line.

The PCR court continued its analysis, weighing all the *Graves* prejudice factors together, and concluded Robinson did not establish that he was prejudiced by the statements at issue:

> First, the conduct at issue was neither severe nor pervasive. The statements, while crossing the line, were made as part of an otherwise permissible argument. The prosecutor never used the word liar. The words used were inflammatory by a matter of degree. There are five statements in all that are at issue, all grouped closely together. In the context of a multi-day trial and 2000 plus page transcript, the statements are limited.
>
> Second, the statements all relate to Robinson's credibility. Clearly, that was an important issue at trial. However, Robinson's credibility would have been at issue regardless of the statements.

The limited statements at issue were not themselves significant on the issue of credibility when compared to the record as whole.

Third, as for the strength of the State's case, it can be said to be a middling case. As noted by the Court of Appeals in its decision on direct appeal, it was a circumstantial case. But, it was a solid circumstantial evidence, as summarized by the Court of Appeals in reviewing the sufficiency of the evidence and quoted previously. In short, the case against Robinson was not so strong that the misconduct can essentially be overlooked, nor was it so weak that it mandates reversal.

Fourth, there were no cautionary instruction or curative measures taken as a direct result of the statements made by the prosecutor. However, the statements were made during closing arguments and the jury was instructed that the attorney's statements and arguments were not evidence. This mitigates against any prejudice resulting from the statements. *See State v. Plain,* 898 N.W.2d 801, 821 (Iowa 2017) ("the district court instructed jurors that '[the] summations and closing arguments of counsel are not evidence,' thus mitigating the term's prejudicial effect.").

Lastly, it cannot be said that Robinson invited the misconduct in this case. Again, his numerous contradictory statements did justify the prosecutor attacking his credibility. They did not allow for the manner in which it was done.

Weighing all the factors together then, I find that Robinson has not established that he was prejudiced by the statements at issue.

The court did not specifically address the attendant ineffective-assistance-of-counsel claim:

In the final sections of his brief, Robinson first clams ineffective assistance of trial and/or appellate counsel with respect to the alleged thirty significant trial errors discussed above [which included the prosecutorial closing argument error/misconduct issue]. As those have already been addressed, I will not again address them.

But the PCR court denied Robinson's entire application, so it is implicit in its ruling that it denied the ineffective-assistance-of-counsel claim. Robinson moved to amend or enlarge the court's findings. He addressed the merits of the *Graves* claim but mentioned nothing about the attendant ineffective-assistance claim. The PCR court denied the motion.

On appeal, Robinson argues the merits of his prosecutorial misconduct claim under a *Graves* analysis, but makes no argument under the rubric of an ineffective-assistance-of-counsel claim. He gives ineffective-assistance only passing reference by stating the PCR court found the comments improper, "which means that the [PCR] court found that defense counsel provided ineffective assistance of counsel in failing to object." The PCR court made no such finding. In mentioning one of the *Graves* factors, curative measures, Robinson states, "[n]o curative action was taken as defense counsel breached a duty in failing to object." *See Graves*, 668 N.W.2d at 869. In responding to the State's error preservation argument, Robinson replies that because he did not raise a *Graves* violation claim on direct appeal, that "is why the claim is raised as one of ineffective assistance of counsel" on PCR.[1] The ineffective-assistance-of-counsel issue was raised in his application and decided, even if only implicitly, by the PCR court. But Robinson does not make or flesh out an ineffective-assistance-of-counsel argument on appeal. Random mention of an issue, without elaboration or supportive authority, is not enough to raise the issue for our review. *EnviroGas, L.P. v. Cedar Rapids/Linn Cnty. Solid Waste Auth.*, 641 N.W.2d 776, 785 (Iowa 2002); *Soo Line R.R. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 689 (Iowa 1994) (stating court will

---

[1] Our supreme court has "long held [PCR] is not a means for relitigating claims that were or should have been properly presented on direct appeal." *Osborn v. State*, 573 N.W.2d 917, 921 (Iowa 1998) (citations omitted). *See also* Iowa Code § 822.8 (2003); *Ledezma v. State,* 626 N.W.2d 134, 141 (Iowa 2001) ("Generally, a claim not raised on direct appeal cannot be raised in a postconviction relief proceeding unless the applicant can demonstrate a sufficient cause or reason for not properly raising the issue previously." (citing Iowa Code § 822.8)). And Robinson makes no such argument here. Thus, his only option was to raise the issue under an ineffective-assistance framework.

not consider issues about which an appellant cites no authority nor offers any substantive argument). So we need not consider Robinson's ineffective-assistance of-counsel claim about his counsel's failure to object to the prosecutor's closing argument comments.

But even if we chose to bypass this serious preservation-of-error problem, *see State v. Taylor*, 596 N.W.2d 55.56 (Iowa 1999), we would find no ineffective assistance on trial counsel's part for failing to object. Assuming without deciding the PCR court's *Graves* analysis and conclusion that the prosecutor engaged in misconduct was correct, Robinson was not prejudiced thereby. The prosecutor's remarks did not deprive Robinson of a fair trial. With no *Graves* prejudice, there is no foundation on which to build an ineffective-assistance-of-counsel claim for failure to object to the prosecutor's comments. Put another way, because Robinson did not establish a due process violation based on prosecutorial misconduct, his trial counsel had no duty to make an objection to the prosecutor's comments. *See State v. Braggs,* 784 N.W.2d 31, 35 (Iowa 2010) (Counsel has no duty to make an objection or raise an issue that has no merit"). Thus, Robinson's ineffective-assistance-of-counsel claim must fail.

**B. Prayer.**

Robinson argues that his trial counsel provided ineffective assistance of counsel in failing to object to evidence that he prayed during his police interrogation. To prevail on a claim of ineffective assistance of counsel, Robinson must prove both that (1) his counsel failed to perform an essential duty and (2) he suffered prejudice as a result of his counsel's failure. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Dempsey v. State,* 860 N.W.2d 860, 868

(Iowa 2015). "We can resolve ineffective-assistance-of-counsel claims under either prong of the analysis." *State v. Ambrose,* 861 N.W.2d 550, 556 (Iowa 2015).

At the criminal trial a police officer testified that when he was outside the interrogation room during a break he observed Robinson praying. He asked Robinson if he was praying and he said he had been. On cross-examination, Robinson denied praying and denied telling the officer he was praying. During his closing argument, the prosecutor mentioned that Robinson came up with a new version of his story "after he had been interrogated over three hours, three hours during which he had certainly some time to do some real soul searching, some time for prayer, over three hours of serious contemplation." Robinson's counsel did not object to the "prayer" testimony or the prosecutor's comment. Robinson claims the evidence was not admissible under Iowa Rule of Evidence 5.404(b) and lacked probative value. With no real elaboration, Robinson also claims the prosecutor's comment was improper.

The PCR court found there was no error in not objecting to the evidence of prayer because the evidence was admissible under rule 5.404(b) as it was probative of Robinson's awareness of guilt. We agree the evidence was admissible, but part ways with the PCR court's holding that the evidence of prayer was of awareness of guilt. Here, there is no evidence on what Robinson was praying about. An inference of guilt should not and cannot be made by the mere act of praying. There are a myriad of speculative reasons Robinson may have been praying. And here, there are no additional facts on which to infer guilt by the act of praying.

Rule 5.404(b) excludes evidence of other crimes not on grounds of relevance but "based on the premise that a jury will tend to give other crimes, wrongs, or acts evidence excessive weight and the belief that a jury should not convict a person based on his or her previous misdeeds." *State v. Nelson*, 791 N.W.2d 414, 425 (Iowa 2010). But the rule expressly permits evidence of other crimes, wrongs, or acts for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Iowa R. Evid. 5.404(b)(2).

A court may admit evidence of other crimes, wrongs, or acts if there is a non-character theory of relevance and the evidence is material to a legitimate issue other than the defendant's general criminal disposition. *Nelson*, 791 N.W.2d at 425. Even if there is a non-character theory of relevance, "the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice to the defendant." *State v. Cox*, 781 N.W.2d 757, 761 (Iowa 2010).

In general, relevant evidence is admissible and irrelevant evidence is not admissible. *See* Iowa R. Evid. 5.402. Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R. Evid. 5.401. Even when evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Iowa R. Evid. 5.403, *State v. Taylor*, 689 N.W.2d 116, 123 (Iowa 2004). The general test of relevancy is "whether a reasonable person might believe the probability of the truth of the consequential fact to be different if the person knew of the proffered evidence." *State v. Putman*, 848 N.W.2d 1, 9 (Iowa 2014).

Evidence of Robinson's praying was just part of a chain of events and relevant to explaining the context, background, or circumstances surrounding the interrogation. Its probative value is not substantially outweighed by the danger of unfair prejudice. There was plenty of evidence establishing Robinson's guilt. And as the State points out in its brief, the officer's "brief testimony and Robinson's refutation were negligible when considered against the backdrop of Robinson's trial." So even if Robinson's trial counsel breached an essential duty in not objecting to the testimony, we find no resulting *Strickland* prejudice. Thus, Robinson's ineffective-assistance-of-counsel claim must fail.

## C. Access to DNA record.

Robinson moved the PCR court to order the Iowa Department of Public safety to provide the DNA profile of an individual (individual "A"), a felon on probation whose probation terms required him to furnish a DNA sample to the Department of Corrections. Robinson states there was evidence presented at the murder trial of DNA obtained from the victim. A vaginal swab showed the presence of Robinson's DNA and that of the victim. There was also the presence of DNA from a "minor contributor" who was not identified. According to Robinson, the evidence suggested the victim had sex with the unidentified person (along with Robinson) within a few days of the murder. Robinson alleges individual "A" was likely the "minor contributor" of DNA found on the murder victim. Robinson wanted to compare individual "A's" DNA profile with the "minor contributor" DNA. Testing would enable Robinson to rule in or out individual "A" as the "minor contributor." If not ruled out, Robinson suggests an investigation should continue to determine whether individual "A" had a role in the murder.

After a hearing on Robinson's motion, the court held that Iowa Code section 81.8 provides for a default of confidentiality of DNA records, with certain limited exceptions—those exceptions applying to pending criminal cases. The court reasoned that since a PCR action is a civil action, the section 81.8 exceptions did not apply. The court denied Robinson's motion.

DNA records are considered confidential "and disclosure of a DNA record is only authorized pursuant to this section." Iowa Code § 81.8(1). Applicable exceptions are:

> 4. A DNA record or other forensic information developed pursuant to this chapter may be released for use in a criminal or juvenile delinquency proceeding in which the state is a party and where the DNA record or forensic information is relevant and material to the subject of the proceeding. Such a record or information may become part of a public transcript or other public recording of such a proceeding.
> 5. A DNA record or other forensic information may be released pursuant to a court order for criminal defense purposes to a defendant, who shall have access to DNA samples and DNA profiles related to the case in which the defendant is charged.

Iowa Code § 81.8 (4)-(5).

Robinson agrees the section 81.8(4) exception is limited to criminal or juvenile delinquency proceedings. Since a PCR action is a civil action, *see Jones v. State*, 545 N.W.2d 313, 314 (Iowa 1996), the section 81.8(4) exception does not apply. But Robinson argues the section 81.8(5) exception must have a broader applicability than a "criminal or juvenile delinquency proceeding" as stated in section 81.8(4). We disagree. The section 81.8(5) exception is limited to allowing the release of DNA information for criminal defense purposes to a defendant. Robinson is not a defendant in this proceeding. He is a PCR applicant in a civil proceeding. If the legislature had intended to make section 81.8(5) available in

12

PCR cases it would have said so. It did not. We cannot rewrite the statute and allow access in civil cases to DNA records under Iowa Code section 81.8(5). The PCR court committed no error in denying Robinson's motion.

Lastly, Robinson claims his PCR counsel was ineffective for failing to obtain a DNA sample directly from the suspected individual. The record is insufficient about this claim at this time and we will not decide whether PCR counsel was ineffective in failing to obtain a DNA sample directly from the suspected individual.

**D. Pro se supplemental brief.**

Because he is represented by counsel, we cannot consider Robinson's pro se supplemental brief. Iowa Code § 822.3A (Supp. 2019); *see also Hrbek v. State*, 958 N.W.2d 799, 781-84 (Iowa 2021).

**IV.      Conclusion.**

Robinson's ineffective-assistance-of-counsel arguments lack merit. The PCR court properly denied Robinson's request for a DNA sample. Thus, we affirm the denial of Robinson's PCR application.

**AFFIRMED.**